# CASES

# SUPREME JUDICIAL COURT

IN THE

COUNTY OF PENOBSCOT, JULY TERM, 1839.

---

## PRESIDENT & TRUSTEES OF WILLIAMS COLLEGE *vs.* SAMUEL T. MALLETT.

Filing a brief statement of the special matter of defence to the action, under the *statute* of 1831, *c.* 514, " to abolish special pleading," is a substitute for special pleading at common law ; and the party filing such statement is entitled to the same rights under it as he would have had at common law, before the statute, by pleading *the same subject matter in a special plea, and no more.*

In a real action, where the general issue is pleaded, the demandant is holden to prove his seisin within the time upon which he has counted in his writ ; and this may be repelled by the tenant, by showing that another was seised at the same time. But proof that the demandant had conveyed his title after the commencement of the suit, having no tendency to disprove the seisin of the demandant alleged in his writ, is not of that repelling character, and cannot be given in evidence under the general issue.

Where the tenant in his disclaimer alleges, that he had conveyed all his title and interest to a particular individual named, proof that he had conveyed to a different individual is inadmissible.

Where the tenant disclaims, and alleges that he had conveyed to another, who had become seised and possessed of the premises, the declarations of such other person, that he did not claim and never had claimed the premises under that conveyance, are admissible evidence in determining the truth or falsehood of those allegations in the disclaimer.

THIS was a writ of entry on the seisin of the demandants wherein they demanded six thousand acres of land in the town of

*Lee*, in common and undivided, alleged to have been conveyed to them by the tenant by deed of mortgage dated *June* 5, 1827. The tenant pleaded the general issue, and filed a brief statement disclaiming all title and possession in himself, and alleging that before the commencement of the suit, he had conveyed the same by deed of release to *Joseph Mallett*, who entered into the same and became seized and possessed thereof. After the demandants had shown their title, a deed from them to *John Webber*, made after the commencement of this suit, was read in evidence, conveying to him the demanded premises. The remaining facts, necessary for understanding the questions of law, will be found in the opinion of the Court.

The counsel for the tenant, at the trial before SHEPLEY J. requested the Court to instruct the jury, that the conveyance by deed from the tenant to *Joseph Mallett* was operative to pass all his interest in the premises to *Joseph*, provided there was no adverse possession, and that any declarations of *Joseph* that he had no claim to any of the lots do not defeat the operation of the deed. The Judge instructed the jury, that while the law was correctly stated in the request, yet when considering the truth of the tenant's brief statement, they might take into consideration the declarations of *Joseph*, that he did not claim and never did claim any thing under that deed except in the four lots which he enumerated. The counsel for the tenant also requested the Judge to instruct the jury, 3. That there being a reservation in the deed of *Ingersoll* to *Mallett*, referred to in his deed to the demandants, of nine lots and sixty acres for public use, making in all 960 acres, that a quantity ought to be deducted from the 6000 acres in proportion as said 6000 acres bear to the whole township. 4. That it being proved, that there are 1000 acres of water in the township and which were never located, that a quantity ought also to be deducted from the 6000 acres, in the proportion that the 6000 acres bear to the number of acres in the whole township, less the number of acres contained in the public lots. 5. That it being proved, that the demandants have assigned their interest in the mortgage declared on by a regular deed of assignment, the present action cannot be maintained in the name of the demandants, although the deed may have been made since the commencement of this action. These instructions

the Judge declined to give. The verdict was for the demandants, and was to be set aside, or amended and made to conform to the legal rights of the parties, if any errors in law appeared on the trial.

*F. H. Allen*, argued for the tenant. That the defence, that the tenant in the writ was not tenant of the freehold, might properly be made under the pleadings in this case. That the demandants were bound to show title in themselves, not only at the time when the action was brought, but also at the time of trial. *3 T. R. 186; 1 Douglas, 106.* That the conveyance to *Webber* defeated the right of the demandants to recover. This is not the case of a deed where nothing passed by reason of a disseizin at the time, but the title passed. This may be given in evidence under the general issue to rebut the seizin of the demandants. *Wolcott v. Knight, 6 Mass. R.* 418; *Green v. Watkins, 7 Wheat.* 27. And that the third and fourth instructions requested should have been given.

*Rogers* argued for the demandants, and cited *Olney v. Adams, 7 Pick.* 31; *Keith v. Swan, 11 Mass. R.* 216; *Somes v. Skinner, 3 Pick.* 52; *Stearns*, (2d Ed.) 190, 230, 233, 234; *Pray v. Pierce, 7 Mass. R.* 381; *Stevens v. Winship, 1 Pick.* 317; *Little v. Libby, 2 Greenl.* 242; *Howard v. Chadbourne, 5 Greenl.* 15.

The opinion of the Court was by

WESTON C. J. — The tenant pleaded the general issue, with a brief statement. Under the general issue, the demandants are holden to prove, that they were seized within the time, upon which they have counted in their writ. They did so. This the tenant might repel, by showing that another was seized at that time. Proof that the demandants had conveyed their title, after the commencement of the suit, was not of this repelling character. It had no tendency to disprove the seizin, upon which the demandants counted.

In *Wolcot et al. v. Knight et als., 6 Mass. R.* 418, it was held, that the tenant might plead in bar a conveyance by the demandant to a third person, under which he does not claim, but that he can not give it in evidence, under the general issue, unless to rebut the demandant's evidence of seizin. Special pleading is now abolished;

and a brief statement is substituted, where such pleading was formerly necessary. If therefore the tenant would have made the conveyance to a third person, since the commencement of this action, available in his defence, he should have set it forth in his brief statement. Not having done so, it is a point from which he is precluded.

Besides the general issue, the tenant relies upon a disclaimer, set forth in his brief statement, in which he alleges a conveyance of all his interest, prior to the commencement of the action, to one *Joseph Mallett.* There was evidence that the tenant lived with his family on a part of the land, and that portions of it were occupied and controlled by him. This would have disproved the disclaimer, and was sufficient to maintain the action against him, the demandants counting on a mortgage. *Penniman* v. *Hollis,* 13 *Mass. R.* 429. The tenant did prove a conveyance by him made of lot number eleven in the fifth range, upon which he lived, to *David Mallett,* in *August,* 1829, but he proved none to *Joseph Mallett,* as set forth in his brief statement, except a general release of his interest in the township, of a subsequent date. And *Joseph* disclaiming all title to this lot, we are of opinion, that the brief statement was not made out in proof, and that the jury were upon this point properly instructed by the presiding Judge.

The demandants' count conforms to their title, derived from the tenant's deed. They must have judgment according to their count, which can embrace no lands, which upon a just construction should be deducted. And they must at their peril take possession according to their title. There was no occasion then for the third and fourth requests, and they were properly declined by the Judge.

*Judgment on the verdict.*