PHEBE C. BERRY, administratrix in review, *vs.* BENJAMIN
B. WHITAKER.

*Review of real action—conveyance after action brought.  Administrator
cannot prosecute review of.*

If the demandant in a real action, after verdict in his favor, but before judgment,
convey the real estate in controversy to a third person, such conveyance will
not prevent a judgment in his favor in a review of the action, if he,is other-
wise entitled to it.

An administrator cannot commence or prosecute a writ of review in a real action
not brought to foreclose a mortgage.

ON REPORT.

WRIT OF REVIEW of a real action not on a mortgage.

The original action was a writ of entry, in which Benjamin B.
Whitaker (present defendant) was plaintiff, and Benjamin Brown
(plaintiff's intestate) defendant; and was tried at the October
term, 1863, when a verdict was rendered for Whitaker, but judg-
ment was not rendered thereon until the October term, 1866, prior
to which time, to wit, on the 28th June, 1864, Whitaker conveyed
the premises in controversy to his mother.

The petition for review was entered by the original defendant
(Brown), at the January term, 1867, and the writ of review
granted to the administratrix on his estate, at the January term,
1869.

The court to enter proper judgment.

*N. Abbott*, for the plaintiff, cited *Derby* v. *Jones*, 27 Maine, 357;
*Pres., etc., Williams' Coll.* v. *Mallett*, 16 Maine, 84.

*W. H. McLellan*, for the defendant.

WALTON, J.   This is a writ of review in a real action.   In the
original suit the plaintiff was the prevailing party; but pending the
suit, after a verdict in his favor and before judgment rendered, he
conveyed the demanded premises to his mother; and the question

is whether this conveyance defeats his right to a judgment in his favor in this action of review, provided he is otherwise entitled to it.

We think it does not. We know of no authority for such a position. Certainly none of the cases cited support such a doctrine. On the contrary, the one relied on as decisive, in favor of such a doctrine, is, in our judgment, decisive against it. We refer to *Williams' College* v. *Mallett*, 16 Maine 84.

In that case the presiding judge was requested to instruct the jury, that, it being proved that the demandants had assigned their interest in the mortgage, declared on by a regular deed of assignment, the action could not be maintained in the name of the demandants, although the deed might have been made after the commencement of the action. This instruction the judge declined to give, and the full court held that the refusal was correct. The court say, that, in a real action, tried upon the general issue, the demandant is bound to prove his seisin within the time upon which he has counted in his writ; and that this may be repelled by the tenant, by showing that another was seized at the same time; but that proof that the demandant had conveyed his title, after the commencement of the suit, has no such tendency, and is not admissible in evidence.

It is a well-settled rule of law that he who takes a conveyance of land in litigation (*pendente lite*), takes it subject to such judgment as may eventually be rendered in the case. But the existence of this rule shows that such a conveyance may be made without affecting the rights of the parties to the suit.

It is also true, that, in a real action, the demandant must recover upon the strength of his own title, and not upon the weakness of his adversary's title; but this does not refer to the state of the title at the time of the trial, but at the time of the commencement of the suit. And in an action of review, by the commencement of the suit, is meant the time of the commencement of the original suit, and not the time of the commencement of the action of review.

But there is another difficulty in this case.   The report states that the review is prosecuted by the administratrix of the original defendant.   What authority has an administratrix to prosecute a writ of review in a real action?   She may, undoubtedly, commence, prosecute, defend, or review such personal actions as by the rules of the common law or by statute survive.   And she may commence a suit to foreclose a mortgage ; and to recover damages for waste and trespass, when the estate is insolvent.   But we know of no authority by which an administratrix may commence or prosecute a writ of review in a real action not brought to foreclose a mortgage. The difficulty is, that the title to real estate descends to the heir, and does not vest in the administratrix, as such.

At common law, the death of a party to a real action abated the suit.   But our statutes provide that the death of a party to a real action shall not abate it ; but that the court may proceed with it, after due notice to all interested in the estate.   But an administratrix, as such, is not interested in the real estate of the deceased ; it is the heir.   Hence notice, in such cases, is always given to the heir.   And in a case where the administrator inadvertently appeared and took upon himself the defense of a real action, and submitted the cause to arbitration, the court held the award void. *Bridgham* v. *Prince*, 33 Maine, 174.

And in another case it was held that an administrator cannot, in that capacity, maintain a real action, because the title to the testator's real estate does not vest in him.   *Brown* v. *Strickland*, 32 Maine, 174.

We think it is clear that inasmuch as the administratrix was not a competent party to appear and take upon herself the defense of the original action, she cannot do the same thing by means of a writ of review.                    *Plaintiff in review nonsuit.*

APPLETON, C. J. ; DICKERSON, DANFORTH, and TAPLEY, JJ., concurred.