BENJAMIN LANDERS *vs.* DEXTER SMITH.

Kennebec.   Opinion April 5, 1886.

*Action for perjury.   R. S., c. 82, § 137.   Construction of statutes.   Statute of limitations.*

The statute, R. S., c. 82, § 137, * requires that either the action for perjury or the proceedings for review, should be begun within three years from judgment in the action in which the perjury was committed. The party who waits more than three years before doing anything, can not then revive his right of action against a witness by instituting proceedings for a review.

ON report from superior court of facts agreed.

An action on the case for damages for the alleged perjury of witnesses introduced by the defendant at the trial of a former action between the parties, in which the verdict was for the defendant and judgment was rendered thereon April 21, 1877. At the March term, 1883, the plaintiff filed a petition for review of that action, and at the following October term that petition was dismissed. This action was commenced March 13, 1884.

*Winfield S. Choate*, for the plaintiff.

The only question presented by this report is as to the statute of limitations. The review was asked for under R. S., c. 89,

---

* Sec. 137. When a judgment has been obtained against a party by the perjury of a witness introduced at the trial by the adverse party, the injured party may bring an action on the case within three years after such judgment or after final judgment in any proceedings for a review thereof, against such adverse party, or any perjured witness, or confederate in the perjury, to recover the damages sustained by him, by reason of such perjury; and the judgment in the former action is no bar thereto.

§ 1, par. VII, and was presented within the time therein specified, and this action was commenced within three years from (as the plaintiff claims) the "final judgment" in the proceedings for review.

Counsel supposes a case of petition for review brought long after the time given by statute had expired, and argues that because in such a state of facts you might be led into an absurdity that therefore the legislature could not have intended that construction. I agree with that. I do not wish to be understood as contending that simply bringing a petition for review fifty years after judgment in the first trial, will give the party any right to bring this action after final judgment in review. That is not this case. In this case the petition for review was brought within the time limited by the statute, and whether five days or five years before that time expired, is not in the least material.

*J. W. Spaulding* and *F. J. Buker*, for the defendant, cited: *Severance* v. *Judkins*, 73 Maine, 379; *Garing* v. *Fraser*, 76 Maine, 41; *Winslow* v. *Kimball*, 25 Maine, 493; *Holmes* v. *Paris*, 75 Maine, 561; *Allen* v. *Young*, 76 Maine, 80.

EMERY, J. Courts will always endeavor to ascertain the real meaning and purpose of the legislature in enacting a new statute. In such endeavor they are not confined to the words of the particular statute in question. The general policy of previous legislation and the general principles of law and equity are to be considered, for there is a presumption (controllable of course by sufficient words) that the legislature did not intend any marked departure from such policy and principles. The results of any particular construction are to be anticipated, and if such results will be anomalous, unjust, or even inconvenient, it is a legitimate and strong argument against the construction contended for. It will be presumed the legislature did not intend any such results. The language of a statute would need to be very strong and clear to cause a belief that such was the intent.

The real meaning of a statute is to be ascertained and declared, even though it seems to conflict with the words of the statute.

See language of Chief Justice PETERS in *Holmes* v. *Paris*, 75 Maine, 561.

The cause of action created by R. S., c. 82, §. 137, is the obtaining a judgment against another by perjury of a witness. Before that statute was passed, the only remedy of the injured party was by review, under the second specification of § 1, c. 89, R. S. He was entitled to a review of the action if he could show to the court that the testimony was false and that he was surprised by it at the trial, or by showing that the witness had been convicted of perjury therefor. The limitation of this remedy however was three years. The general limitation for all remedies (there being of course a few exceptions) was six years or less. It was the policy of the law and legislation to fix short limitations for special remedies.

This statute gave a new and additional remedy. The injured party may now bring his action directly against the witness, or he may apply for a review on discovering the perjury. He must however do one or the other within three years from the judgment. He should bestir himself within that time. If he remain wholly idle, he will be wholly barred. Such we think was the intent of the legislature. *Ut finis.*

The plaintiff concedes that the application for review should be made within the time limited for such applications, but urges by the seventh specification of grounds for review he has six years in which to make application. But under that specification the court has full discretion. It may not grant a review, even though all the required allegations be proved. If the cause alleged be one that falls within any of the prior specifications, the review ought not to be granted, at least after the time allowed by such prior specification. This construction contended for by the plaintiff would make the statute anomalous in regard to limitations. It would cause hardship, as may be easily seen. It would enable an unsuccessful litigant to wholly ignore the three years limitation named in the statute. He could delay all action for nearly six years, and then apply perfunctorily for a review, perhaps for the sole purpose of reviving his right of action under the statute, and without any purpose or desire for

a review. He might even then delay action on his petition, and thus extend the time for bringing the statute action. When finally driven out of court on his petition, he could delay still three years longer, by which time all means of defence would have been lost. We cannot think the legislature so intended. We think it intended the action or petition should be within three years. If the petition is begun within three years, the time for the action may be extended, otherwise it ends with the three years.

*Plaintiff nonsuit.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and FOSTER, JJ., concurred.