DILLINGHAM'S CASE.

Somerset. Opinion August 20, 1928.

246

*Bernard H. Dillingham*, plaintiff pro se.
*Robinson & Richardson*, for respondent.

SITTING: PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

DUNN, J. Occupational disease was treated as personal injury by accident under the Workmen's Compensation Act and the question is whether this be error in law.

Some introductory definition and limitation seems desirable. On September 13, 1927, claimant began work in the shoe factory of Rowan & Moore, Inc., in Skowhegan, pulling from the soles of shoes the tacks that held the shoes on lasts. He continued in the employ of the corporation until the twentieth day of the same month, when he quit work that he might have medical care for his hands, which on that day, or a day or two before (the evidence in this connection being indefinite), and without any particular thing having happened to him, had broken out in blotches and were sore. In his petition to the Industrial Accident Commission the claimant alleged, what the answer of the respondent denied, namely, that on a day certain during the course of his employment and because of it, the claimant had been "poisoned by leather." "I had to wet the leather to soften it," witnessed the claimant, "and I used my hands a good deal to wet the soles with, so they would be soft, and that chapped it like." Not alone this attesting, but other competent testimony, some tending to show that the bad plight of the claimant's hands arose after his employment, and testimony by the physicians who attended him, and by another physician who had seen the case, that the patient suffered from irritation, and not from infection; that his ailment, which was cumulative and in their opinion referable as to cause to the work he had been doing, was eczema, contractable with less exposure on the part of some persons than others, depending on the susceptibility of the individual, afforded subordinate facts to warrant the finding of fact that, in and out of

his employment, the disorder which the testifying physicians called leather poisoning befell the claimant. Section eleven of the Compensation Act provides: "If an employee —, receives a personal injury by accident —, he shall be paid compensation." Accident has been defined, in cases under the act, as an unusual, undesigned, unexpected, and sudden event resulting in injury. *Patrick's Case*, 119 Maine, 510; *Brown's Case*, 123 Maine, 424. Disease, to be compensable, must be interpreted both as an "injury" and an "accident." An occupational or industrial disease is one normally peculiar to and gradually caused by the occupation in which the afflicted employee is or was regularly engaged, and to which everyone similarly working in the same industry is alike constantly exposed. It is not unlikely that the occupational disease this claimant had resulted from the continued chemical action of some poison, which produced the abnormal condition of his hands.

Cases of occupational disease, remarked Mr. Justice Philbrook in *Brodin's Case*, 124 Maine, 162, cannot be said to have arisen from accidental causes, since they lack the element of sudden or unexpected event. Obiter dictum and not adjudication was that remark, surely. But it served well to differentiate in the case where it was made, and in the present case it is entitled to, and does, receive respect, when for the first time the point necessarily arises whether disease caused by occupation, in the restricted sense of a disease which is not merely a risk of the particular employment, but also of gradual growth, may as matter of law be ruled to be personal injury by accident.

Without examining all the decided cases in states where the workmen's compensation enactments are in similarity to our own, apparently the weight of authority is to the effect that cases of occupational or industrial poisoning cannot be regarded as accidents, within the meaning of statutes which provide for money payments to workmen for injuries caused by accident arising out of and in the course of their employment. The ground fixed by the statute, says Mr. Justice Swayze in New Jersey, is the injury by accident, not the results of an indefinite something which may not be an accident. *Liondale Bleach, etc., Works* v. *Riker*, 85 N. J. L., 426, 80 Alt., 929. The following cases also support the rule that occupational poisoning does not constitute an "accident," or an "acci-

dental injury," within the meaning of acts so characterizing the injuries for which compensation may be had: *Jeffreyes* v. *Sager Company*, 233 N.Y., 535; *Adams* v. *Acme White Lead & Color Works*, 148 N.W., 485 (Mich.); *Jerner* v. *Imperial Furniture Co.*, 166 N. W., 943 (Mich.); *Thomas* v. *Ford Motor Co.*, 242 Pac., 765 (Okla.); *Industrial Commission* v. *Roth*, 120 N. E., 172 (Ohio); *Iwanicki* v. *State Industrial Commission*, 205 Pac., 990 (Or.); *Seattle Can Co.* v. *Department of Labor*, 265 Pac., 739 (Wash.); *Miller* v. *American Steel and Wire Company*, 90 Conn., 349. The Connecticut statute was amended in 1919 (Laws Conn., 1919, Chap. 142, Sec. 18), after the *Miller Case*, to include occupational diseases. In Massachusetts, where the statute is for personal injury without reference to accident, the court has said that "personal injury by accident" is not so broad in scope as "personal injury." *Madden's Case*, 222 Mass., 487.

It is the conclusion of this court that, as disability caused by personal injury by accident arising out of and in the course of his employment, is a statutory prerequisite for the payment of compensation to an injured employee, this claimant's injury, from what in a like situation some judge phrased the insensible progress of occupational disease, was not as matter of law received by accident. The appeal is sustained, and the decree below reversed.

*So ordered.*