Lou Cain Perkins *vs.* Robert H. Kavanaugh et al.

Penobscot.     Opinion, January 28, 1938.

*Montgomery & Gillmor,* for petitioner (claimant).
*James E. Mitchell,* for respondents (employer).

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    The Industrial Accident Commission, when this case was before it, one member only sitting, appears to have decided that the effect of sufficient competent evidence had been to establish every affirmative proposition except that of the widowhood of the claimant. In compensation cases, it may be assumed, speaking broadly, that, at the time of a workman's accident, his wife was dependent upon him for support. R. S., Chap. 55, Sec. 2, Par. VIII.

The decree which, at the instance of the respondents, a justice of the Superior Court, by statute direction, signed and entered, gave efficacy to the decision of the Commission, and to the proceeding itself, thence on, formulation and direction as in equity. R. S., same chapter, Sec. 40.

The respondents filed an appeal.

With regard to appeals, the equity practice act, of enactment in 1881, (P. L. 1881, Chap. 68,) and of inclusion in every statutes revision since that time, is, in its opening sentence, of this tenor:

"From all final decrees of such justice, an appeal lies to the next term of the law court." R. S., (1930) Chap. 91, Sec. 53.

In probate cases, the right of appeal is given to "any person aggrieved." R. S., Chap. 75, Sec. 31.

In actions at law, exceptions are limited to "parties aggrieved." R. S., Chap. 91, Sec. 24.

The literal import of the equity act notwithstanding, an appeal cannot, within the spirit of that act, be presented by a party not aggrieved, any more than it could be by a stranger to the record. A thing within the letter is not within the statute if contrary to the intention of it. *Holmes* v. *Paris,* 75 Me., 559. The real meaning of the statute is to be ascertained and declared, even though it seems

to conflict with the words of the statute. *Landers* v. *Smith*, 78 Me., 212, 3 A., 463. All laws should receive a sensible construction, *Carrigan* v. *Stillwell*, 99 Me., 434, 59 A., 683.

There are instances where a party may appeal from a favorable decree, as, for instance, where he is not given all to which he is entitled, or, otherwise, there is error or prejudice. But, as a usual thing, a decree in one's own favor is not appealable.

Mr. Daniell, in his work on the subject of pleading and practice, states:

"Where a party feels himself aggrieved by a decree or order of the Court, there are three modes by which he may seek to have it either reversed or varied . . ." Daniell's Chancery Pleading and Practice (6th Ed.) Vol. 2, Page *1459.

The analogies of the law do not permit one who has a verdict in his favor to except to an adverse ruling. *Hayden* v. *Stone*, 112 Mass., 346.

In the case at bar, the decree, in denying compensation, was not injurious to respondents, or either of them, and did no prejudice to substantial rights.

The finding, which preceded the decree, that claimant did not, at the threshold of her case, prove her standing, affected the merit of the controversy, and was for the Commission to decide. R. S., Chap. 55, Sec. 36. It was, however, of no matter to respondents upon what finding the decree was based. *Smith* v. *Dickinson*, 140 Mass., 171, 3 N. E., 40.

That an appeal must have objective other than the affirmation of the decree appealed from, is self-evident. *Green* v. *Blackwell*, 32 N. J. E., 768.

The instant appeal, being unauthorized, must be dismissed.

Next, the claimant moved the entry, on the Commission's finding, of a decree; this was done. Then, feeling herself aggrieved, she made an appeal.

Appeals are, by the terms of the compensation act, limited in scope to questions of law. *Mailman's Case*, 118 Me., 172, 106 A., 606.

In her petition for compensation, the claimant alleged herself to be the widow of David L. Perkins, an employee who, on November 28, 1934, in and because of his employment, that of a house painter,

sustained, through "contact with and thereby infection from lead poison," accidental injury, which resulted, less than three weeks afterwards, in his death.

Poison usually denotes something received into the system by the mouth or breath. Occupational diseases are not within the terms of the compensation act. *Brodin's Case,* 124 Me., 162, 126 A., 829; *Dillingham's Case,* 127 Me., 245, 142 A., 865.

The employer, and his insurance carrier, in the case before the Commission, filed a joint answer. The answer contained three denials; these no rhetoric can improve, no casuistry obscure. The first denied "each and every allegation in the petition." The second denied accidental injury. The third repeated, in essence, the phrasing of the first.

On call of the case, counsel for petitioner objected the answer. He asserted, by way of spoken words, that the adjuster, a representative of the insurance company, who, alone, in behalf of both respondents, had signed the answer, might not properly do so.

Counsel for the opposite side inquired if there would be any question of his authority to answer. Reply was "No."

Thereupon was filed what the printed case refers to as an amended, additional answer.

This answer insisted the competency of the original answer; it then made its denials, the ninth or last in these words:

"9. They specifically deny each and every allegation contained in said petition and specifications and call for proof of these allegations."

Besides, there was this averment:

"10. They specifically allege that said David L. Perkins died from unknown causes probably, however, from lead poisoning of long standing contracted over a long period of years as an occupational disease in his employ as a painter, and, therefore, not to be considered under the Workmen's Compensation law of the State of Maine as accidental death:"

The answer concluded with prayer that the petition be dismissed.

So stood the case, preparatory to hearing.

In the hearing, not a witness was sworn; no evidence was offered.

The Commission member sitting says:

"Neither party, although afforded ample opportunity, presented any witnesses to be sworn for examination.

"The petitioner's attorney, Mr. Montgomery, adduced the following: he called the Commissioner's attention to the Employer's First Report of Injury, and to the attending physician's report in the case, both on file in the Industrial Accident Commission's file. Therefore, the question is, as to whether or not these two reports . . . are to be properly considered as evidence, without the formality of the said reports being formally offered in evidence by either party."

The Commission held the report "proper for consideration as evidence without being formally introduced in evidence."

There was no prejudice thereby to any right of the claimant. She seeks, in this aspect, no reversal; she asks no affirmative relief; but, on the contrary, that the case stay in the state in which it is, except that it be sent down for determination of whether she survived her husband.

At the hearing before the Commission, widowhood was, on the pleadings, squarely in issue.

No evidence tended to support such allegation.

And the stage of the record, when, following the trial, the Commission delayed rendering decision until it should have examined and considered the questions involved, was not caused by any act of the adverse party.

The general rule, as to the trial of causes, is that the parties must present all their evidence, upon all issues pending, and cannot, as of right, have a trial divided. *Langley* v. *Conlan*, 212 Mass., 135, 139, 98 N. E., 1064.

There is citation, in plaintiff's brief, of the case of *Mary E. House*, 122 Me., 566, 120 A., 183. In that case, marriage was, without an answer having been filed, in evidence. What was there unsuccessfully undertaken, was to show that, without cause, a wife was not living with her husband. The case was remanded for the filing

of an answer, and, following that, for evidence, for and against, if living apart from the husband had been justifiable. R. S., Chap. 55, Sec. 2, Par. VIII.

Here, the allegations to support the case, and the denials interposed, fully set forth what was to be tried and determined. R. S., Chap. 55, Sec. 36.

This appeal, too, is dismissed.

*Appeals dismissed.*
*Decree below affirmed.*