Hillsborough, } No. 3359.
Feb. 2, 1943. }

LUMBERMEN'S MUTUAL CASUALTY CO. *v.* DOROTHY ROZAN & *a.*

SAME *v.* IRENE FALCONI & *a.*

*Devine & Tobin*, by brief, for the plaintiff.

*Thomas J. Leonard*, for Dorothy Rozan and Irene Falconi, furnished no brief.

*Ivory C. Eaton* (by brief and orally), for Albert E. Jebb.

BRANCH, J.   It will be useful to consider first the case of Dorothy Rozan.   An occupational disease has been defined with sufficient accuracy for the purposes of this case as follows: "An occupational

or industrial disease is one normally peculiar to and gradually caused by the occupation in which the afflicted employee is or was regularly engaged, and to which every one similarly working in the same industry is alike constantly exposed." *Dillingham's Case,* 127 Me. 245.

It may be assumed that the burden of proving that the cases of Rozan and Falconi were within the coverage of the plaintiff's policy, rested upon the defendants. *Travelers Insurance Co.* v. *Greenough,* 88 N. H. 391. It may also be conceded that "only in exceptional cases may a verdict as matter of law be ordered in favor of one who has the burden of proof." *Williams* v. *Duston,* 79 N. H. 490, 491; *Buffum* v. *Buffum,* 89 N. H. 210. There may be exceptional cases, however, where the evidence justifies the granting of a directed verdict in favor of the party having the burden of proof, as in *Cheever* v. *Roberts,* 82 N. H. 289, and we think that this is an exceptional case of that kind. All the evidence tended to show that Dorothy Rozan was suffering from eczema, and that "her occupation had nothing to do with this condition." The order for a directed verdict in her case presupposes a finding that the only conclusion which could be drawn from the evidence was that she was not suffering from an occupational disease. The evidence fully bears out this conclusion and the plaintiff's exception in the Rozan case must be overruled.

It is argued, however, that "the uncontradicted and only testimony in the case concerning Miss Rozan is that she was suffering from a condition in no way attributable or arising out of her employment," that this evidence had the effect of entirely relieving the defendant Jebb from liability for her condition and that the plaintiff should, therefore, be relieved from its obligation to defend her suit. This, however, is a *non sequitur.* The only question raised by the plaintiff's petition for a declaratory judgment was whether the plaintiffs in the actions at law were suffering from an occupational disease. The issue of the defendant's liability for their condition, whatever it may be, was not fully tried and could not be decided in this proceeding. The directed verdict in the case of Dorothy Rozan was properly ordered.

In the case of Irene Falconi, the motion for a directed verdict was based upon the ground that "there was no evidence that it was not an occupational disease, the burden being on them to introduce some evidence that it was not an occupational disease," and the granting of the motion presupposes a finding that there was no

evidence that Mrs. Falconi did not have an occupational disease. The record does not sustain such a finding. Dr. DeNicola testified that he had examined Dorothy Rozan, and continued as follows: "Q. And the other girl, her sister, you know her, do you? A. I didn't examine her. Q. Do you know her? A. Yes, I know her. Q. You know the family? A. I do. . . . Q. And what was the condition of the family in regard to eczema as you observed it, Doctor? A. Her sister has the same thing, and the way this thing has come on according to the history of the sister and from herself, what I saw and learned from the patient herself, it bears out that this is an allergic condition." This is evidence that, from what the doctor saw and learned from the two girls themselves, he formed an opinion that the sister Irene Falconi had "the same thing" as her sister Dorothy Rozan, and since the evidence was conclusive that Dorothy Rozan was not suffering from an occupational disease, the same conclusion with reference to Irene Falconi would seem to be indicated, if the doctor's testimony was believed. The question of his credibility has not been passed upon and it follows that, in the case of Irene Falconi, there must be a new trial.

*In the case of Dorothy Rozan, exceptions overruled; in the case of Irene Falconi, new trial.*

All concurred.