**BARNHART, Admr., Appellant, v. MADDEN, et, Appellees.**

Ohio Appeals, First District, Warren County.

No. 208.   Decided November 6, 1948.

Donald Dilatush, Lebanon, Miller & Finney, Xenia, for appellant.

Houston, Houston & Holding, Urbana, for appellees.

**OPINION**

By MATTHEWS, PJ.:

This appeal was submitted to the court without oral argument upon the briefs filed on the merits and on the appellee's motion to dismiss.

The action was instituted by the administrator de bonis non with the will annexed of William H. Madden, deceased. In his petition he alleged that he was in doubt as to the true construction of the last will and testament of William H. Madden, deceased, and particularly as to Items II and III of said will, in which the testator provided that:

"ITEM II. I give, devise and bequeath to my sister. Sarah Adeline Madden, my residence property, together with all of the land I own in connection with said residence property, all of which is located at the Southwest corner of Townsend and Gregory Streets in the Village of North Lewisburg, Ohio. I also give to my said sister all of my right, title and interest in the furniture and furnishings of my said home.

"ITEM III. It is my will that all of the rest and residue of my property, both real and personal,. of every kind and description, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, be divided into two equal parts, which equal parts I give, devise and bequeath as follows:

"A. One of said parts shall be divided, share and share alike, between my sister, Sarah Adeline Madden, of North Lewisburg, Ohio, and by two brothers, William H. Madden, of Waynesville, Ohio, and Cyrus Clinton Madden, of Clarksville, Ohio. In the event of the death of either Sarah Adeline Madden, William H. Madden, or Cyrus Madden, prior to my death, the portion of my estate bequeathed to her, him or them by Item III A. of my will shall pass to and vest in the survivor or survivors of them.

"B. The other of said equal parts shall be divided, share and share alike, between my nephews and nieces, as follows: Arthur G. McPherson, Springfield, Ohio; Charles A. McPherson, Springfield, Ohio; Nettie Scott, Marion, Indiana; Thomas W.

Crawford, Amboy, Indiana; Aurelia Johnson, Sabina, Ohio; Rachel Thomas, Peru, Indiana, R. F. D.; Alwilda Bender, Peru, Indiana, R. F. D.; Ethel Crawford, New Castle, Indiana; Charles Crawford, Courtland, Ohio; Jane E. Madden, Clarksville, Ohio; Carl D. Madden, Clarksville, Ohio. In the event of the death of any of my said nephews and nieces, prior to my death, then the child or children of said nephew or niece shall take the parent's share. In the event of the death of any of my said nephews or nieces, prior to my death, without being survived by a child or children, then the survivors of the beneficiaries named in Item III B. of my will shall take the share or shares of said deceased nephews or nieces."

The plaintiff-administrator alleged that he could not proceed safely in the administration of the estate without the direction and guidance of the court. The doubt arose from the fact that all three of the beneficiaries, to whom the estate was to pass upon the death of the wife, died leaving the wife still surviving.

The prayer of the petition was for the judgment and direction of the court as to the true construction of said last will and for direction as to the distribution of the property in the possession of the administrator belonging to said estate.

The widow, who is the life tenant, and the heirs and next of kin of deceased beneficiaries, and the co-executors of the last will of Addie Madden, deceased, were named as defendants. The defendants joined in the prayer of the petition.

The parties agreed, in writing, upon the facts and the case was heard upon that statement, and the court entered a decree construing the will and fully directing the plaintiff as to his duties.

Apparently, all of the defendants are satisfied with the construction placed upon the will by the trial court. At least, none filed an appeal. This appeal was filed by the administrator alone. He does not complain of any deficiency in the construction of any provision of the will or of the directions given him, or that he would not be fully protected in administering the estate, according to the directions given. His complaint is that the court did not give the construction to the will which he would have given had he been the judge. The only effect of a reversal so far as the administrator is concerned would be to vindicate his opinion as to the true legal meaning of the will. Nothing else would inure to him.

We have been called upon several times to pass upon the status of a fiduciary upon an appeal under similiar circumstances.

In **First Nat'l Bank, Executor, v. Rawson, 54 Oh Ap, 285,** the proceeding for instructions was commenced in the Probate Court, appealed therefrom to the Court of Common Pleas and then brought to the Court of Appeals by the Executor. The case came on for hearing upon the appellee's motion to affirm the judgment on the ground that no prejudicial error had intervened so far as the executor was concerned. This motion was sustained and the judgment affirmed. In so doing, we held, as stated in the syllabus, that:

"Where such action is brought by an executor in its official capacity and no interest or right in that capacity has been prejudiced by an erroneous judgment of a Court of Common Pleas, such judgment will not be disturbed unless other persons interested in the will file an appeal, or unless the executor does so in its individual capacity."

It should be said here that the judgment entered in this case does not in any way disturb the trust fund in the hands of the administrator. The only thing it does is to direct him in the administration of the trust and as to the distribution of the fund upon the termination of the trust.

Again, in **Central Trust Co., Trustee, Appellee, v. McCarthy, Executor, Appellant, 73 Oh Ap, 431,** an appeal was taken by an executor in an action for a declaratory judgment, construing a trust instrument. In affirming the judgment on the ground that the executor was not prejudiced, it was said at 443:

"However, even assuming that the trial court erred, we are of the opinion that the executor was not prejudiced thereby.

"There are instances, or course, when it is the duty of an executor or other trustee to appeal from an adverse decision in order to preserve the trust estate for the beneficiaries, but such instances bear no resemblance to a case of this sort to which all the beneficiaries are parties with full opportunity to appeal but have not appealed or have not requested the executor to do so."

See, also: **In Re Estate of Hoffman, 68 Oh Ap, 47.**
For these reasons, the judgment is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.