Bernice M. STANLEY

v.

**PETROLEUM TANK SERVICE, INC. and
Liberty Mutual Insurance Company.**

Supreme Judicial Court of Maine.

Dec. 6, 1971.

Linnell, Perkins, Thompson, Hinckley & Thaxter, by Thomas Schulten, Sidney W. Thaxter, Portland, for plaintiff.

Robinson, Richardson & Chapman, by Clement F. Richardson, Portland, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

The plaintiff has appealed from a pro forma decree of the Superior Court affirming a decision of the Industrial Accident Commission. Although the decree awarded compensation, the defendant did not appeal.

Appellant, alleging total dependency, sought compensation resulting from the accidental death of her son, Vaughn Stanley,

which arose out of and in the course of his employment with Petroleum Tank Service, Inc. After hearing, the Commissioner awarded compensation of "$11.33 [sic] a week," "[t]aking Vaughn's earnings to be $35.00 a week . . . and considering that 50% of this went to his mother . . . ."[1] Because the Commissioner failed to find the appellant totally dependent on the decedent it is contended that such finding is clearly erroneous.

Because the issue is not before us, nothing herein should be construed as expressing, on the facts of this case, any opinion on the Commissioner's finding of partial dependency.

■ Judicial review of Industrial Accident Commission decisions is limited in scope to questions of law. Mailman's Case, (1919) 118 Me. 172, 106 A. 606; Perkins v. Kavanaugh, (1938) 135 Me. 344, 196 A. 645. "His [Commissioner's] decision, in the absence of fraud, upon all questions of fact shall be final. . . ." 39 M.R.S.A. § 99. There are two exceptions to this rule. First, M.R.C.P., Rule 52(a) provides: "Findings of fact shall not be set aside unless clearly erroneous. . . . " This rule is applicable to decisions of Industrial Accident Commissions. *See* Matthews v. R. T. Allen & Sons, Inc., (Me.1970) 266 A.2d 240. Second, where the Commissioner's findings are based entirely upon the printed record, without the benefit of testimonial evidence, the reasons for the rule disappear and the court will review the facts.[2] *Matthews,* supra.

■ Here, substantially all of the evidence was testimonial; therefore, under the reasoning of *Matthews,* supra, only the "clearly erroneous" rule has application. We are bound by the Commissioner's findings unless the record indicates clear error. The scope of review is limited to the Commissioner's reasoning and does not include reviewing the credibility of witnesses or the weight to be given their testimony. The Court in Mailman's Case, (1919) 118 Me. 172, 106 A. 606 stated the principle as follows:

"But the inferences which the commissioner draws from proved or admitted circumstances must needs be weighed and tested by this court. Otherwise it cannot determine whether the decree is based upon evidence or conjecture.

In other words, the court will review the commissioner's reasoning, but will not, in the absence of fraud, review his findings as to the credibility and weight of testimony." Id. at 177, 106 A. 608. *See also* Soucy v. Fraser Paper, Ltd., (Me.1970) 267 A.2d 919, 921.

Keeping in mind these limitations on the scope of review, we now proceed to examine the Commissioner's findings, limiting ourselves to the single issue before us.

■ Vaughn Stanley, the deceased, worked at his grandfather's store and service station in East Machias from July, 1966, until just prior to his death on August 13, 1967,[3] except for approximately

---

1. 39 M.R.S.A. § 58 established the computation formula. Based on the finding of average weekly wage and degree of partial dependency the equation is: ⅔rds of ½ of $35.00. The result is *$11.66.* We insert this footnote only to call attention to an apparent mathematical error.

2. "The familiar rule that findings of fact will not be set aside if they are supported by competent evidence is based upon an appreciation of the truth that the fact finder who hears and sees the witnesses, who observes their hesitations, inflections and emphases, is in a more favorable position to judge their credibility than the appellate court which only reads the printed testimony. . . .

"However, the reason for the clearly erroneous rule disappears when the Commissioner, too, makes his decision from the printed record. The appellate court is then in an equally good position to find the facts and must do so uninfluenced by by the findings of the Commissioner. * * *" *Matthews,* supra, at 244.

3. Decedent started the job at which he was killed on August 12, 1967. He worked only two days, earning $64.00. The Com-

two months in early 1967 when he worked in Massachusetts.[4] Both the son and his mother (appellant) lived in Ohio prior to July, 1966.[5] They came to East Machias only because appellant's father was critically ill and unable to operate his store.

Appellant testified that her son carried on the business during this period; and, although her primary obligation was caring for her disabled father, she worked in the store during slack periods.[6] The store was open twelve hours a day seven days a week and Mrs. Stanley testified that her son was in the store on the average of six or seven hours a day except for the two months he spent working in Massachusetts. However, the testimony revealed that Vaughn worked in the store during the peak periods of business and therefore appellant claims that he was responsible for generating most of the income. The Commissioner did not reach this conclusion. The appellant argues that the conclusion reached, namely, partial dependency, is an impermissible inference and clearly erroneous.

 The appellant's father was the long time owner and operator of the store. When the appellant came to East Machias she worked in the store whenever time permitted, approximately one-half the time the store was open. The operation was a co-operative effort, the owner providing the inventory, building, fixtures and good will, while the appellant and her son shared the physical effort required to serve the customers. The business produced "about $300.00 a month," out of which the family group was supported. The Commissioner's finding that the decedent was not singly responsible for producing the income on which the family supported itself is entirely consistent with the record.

 Appellant next argues that the Commissioner erred in failing to find that she was totally dependent upon her son for support. Since the appellant was at least partially responsible for producing the income out of which she was supported, it necessarily follows that she could not be totally dependent upon her son. The failure of the Commissioner to find the degree of dependency claimed by the appellant was not error.

The entry is

Appeal denied.

All Justices concurring.

missioner was correct in not taking this into consideration in computing average weekly wages. *See* 39 M.R.S.A. § 2(2)(C).

4. He earned approximately $1,000.00 at this job. There is no evidence that Vaughn contributed any of this to his mother's support and the Commissioner did not consider it in arriving at an award.

5. Mrs. Stanley had permanent employment in Ohio and took a leave of absence to go to East Machias. The record indicates that she has since returned to this employment.

6. She stayed in the store when Vaughn had lunch, while he attended classes two hours during the day and whenever he went to the bank. She also helped him with the books at night.