John A. DESMOND

v.

Charles V. PERSINA, Jr., Adm'r Estate of Eleanor G. Wade and Helen Moisan, Gertrude Moisan, et al.

Supreme Judicial Court of Maine.

Jan. 5, 1978.

Earle S. Tyler, Jr. (orally), Milbridge, for plaintiff.

David A. Nichols (orally), Camden, for Charles V. Persina, Jr.

Arthur E. Strout (orally), Rockland, Clifford F. O'Rourke, Camden, for Hermeana E. & Robert M. Graham, Margaret S. Troxel, George W. Windhorst, Jr. and Carleton Blunt.

Before DUFRESNE, C. J., and POMEROY, WERNICK and ARCHIBALD, JJ.

DUFRESNE, Active Retired Justice.[1]

Marie A. Wade, late of Northport, Maine, died testate on November 10, 1969. In her will executed at Belfast, Maine on March 17, 1944 she provided in pertinent part:

"*First*:—I give, bequeath and devise to my beloved son, John Edward Wade, if he survive me, all of my estate, real, personal and mixed, wherever found and wherever situated, to have an to hold to him and his heirs and assigns forever.

"*Second*:—In the event that my son does not survive me I give and bequeath what-

ever property that is standing in the name of my son and myself, jointly, at the time of my decease to the wife of my son, Mrs. Eleanor G. Wade, and all the rest, residue and remainder of my estate, I give and bequeath in equal shares to the following three persons, to my sister, Lucie M. Desmond, my niece, Gertrude Moisan and my niece, Helen Moisan, to have and to hold to them and their heirs and assigns, forever."

The son, John Edward Wade, predeceased his mother and left surviving him his wife, Eleanor G. Wade, who was also living at the death of her mother-in-law, Marie A. Wade. Eleanor died on May 2, 1970 intestate and the defendant, Charles V. Persina, Jr. (Persina), was appointed administrator of her estate on July 14, 1970. In the course of the administration of the estate of Eleanor G. Wade, Persina, so the complaint in the instant case discloses, in proceedings addressed to the Judge of the Probate Court in and for Waldo County, was licensed to sell the Northport real estate which had been conveyed prior to their deaths to Marie A. Wade and John E. Wade "as joint tenants and not as tenants in common, to them and the survivor of them and to his or her heirs and assigns forever."[2] The transferees to whom Persina conveyed several parcels of the Northport property by administrator's deeds in 1971 and 1972 were made parties defendants to the present action.

On January 21, 1974 the plaintiff instituted the instant complaint in the capacity of administrator d. b. n. c. t. a. of the estate of Marie A. Wade, stating therein:

"A dispute now exists between the Plaintiff and the Defendants as to the

---

1. Mr. Justice Dufresne sat at argument and participated in consultation while he was Chief Justice, and, on order of his successor, Mr. Chief Justice McKusick, was empowered and authorized to continue his participation in the case in his capacity of Active Retired Justice.

2. The deed to Marie A. Wade and John E. Wade of the Northport real estate in joint tenancy was described only in part through reference to Exhibit F in the complaint. Although

the complaint stated that the deed was executed on February 2, 1969, the truncated exhibit discloses no dates and has raised a dispute between the parties as to the time of execution. The defendants deny that the conveyance took place on February 2, 1969. References to the joint tenancy deed, however, contained in the administrator's deeds (Exhibits C and E) would indicate that the correct date was February 2, *1943*.

ownership of premises described in deed recorded said deeds [sic] Book 436, Page 23 and until such dispute is settled Plaintiff cannot properly proceed to perform his duties as such Administrator."

He prays injunctive relief against the transferees to prevent further alienation of the properties, against Persina to enjoin distribution of the proceeds of sale and seeks a declaratory judgment whereby his rights, duties and legal relationships respecting the pertinent real estate may be determined in aid to his administration of the estate of Marie A. Wade.

The record indicates that, of the three residuary beneficiaries under the second clause of Marie A. Wade's will, only Helen Moisan was made a party defendant through service of summons. Lucie M. Desmond, the plaintiff's mother, was not made a party to the action, nor does the record show any type of service on "any person or persons unknown claiming by, through or under her [Gertrude Moisan]," whom the plaintiff described as deceased.

The defendants respectively moved to dismiss the complaint either by separate motion to dismiss or by inserting the same in the answer pursuant to Rule 12(b), M.R. Civ.P. They alleged, as the basis of dismissal, 1) that the complaint fails to state a claim upon which relief can be granted (Rule 12(b)(6)) and 2) that the plaintiff has no standing to seek the relief prayed for, because title to the real estate of Marie A. Wade passed directly to her devisee or devisees upon the probate of her will as of the date of her death.

The trial Justice granted the motion to dismiss, basing his decision on the ground that, since the correct interpretation of the second clause of Marie A. Wade's will obviously devised the Northport property to Eleanor G. Wade, the plaintiff had, as a matter of fact, no standing to claim any interest in the reference real estate in his capacity of administrator d. b. n. c. t. a. of the estate of Marie A. Wade, and thus his complaint failed to state a claim upon which relief can be granted. The plaintiff's appeal to this Court must be dismissed.

### Standing of administrator d. b. n. c. t. a. to appeal

■ The record discloses that the plaintiff-appellant did not designate for inclusion in the record on appeal "the complete record [below] and all the proceedings . . in the action," and, for that reason, he was obligated, pursuant to Rule 74(d), M.R. Civ.P., to serve with his designation of contents on appeal a concise statement of the points on which he intended to rely, any point not so stated being deemed waived.[3] The statement of points on appeal actually filed reads as follows:

"The points on which plaintiff-appellant will rely on appeal are:

1. Since the deceased's son predeceased her, there was no property standing in the name of the deceased and her son jointly at the time of the deceased [sic] death and therefore there can be no gift to Eleanor G. Wade under paragraph 'Second' of the deceased's will."

■ The Law Court, except for questions of jurisdiction, is not bound to travel outside the scope of the points on appeal and will consider only the errors specifically assigned for review. See *In re Noonday Club of Delaware County, Inc.,* 433 Pa. 458, 252 A.2d 568 (1968); *Charlton Press, Inc. v. Sullivan,* 153 Conn. 103, 214 A.2d 354 (1965); *Bishop v. Board of County Commissioners,* 230 Md. 494, 187 A.2d 851 (1963); *Moses v. Wilkinson,* 90 R.I. 253, 157 A.2d 478 (1960); 5 C.J.S. Appeal & Error § 1218, page 37, note 98, and cases cited.

From his very points of appeal it appears that the plaintiff-appellant seeks review of the adjudication in the Superior Court un-

---

**3.** Rule 74(d). Statement of Points.

"If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal, and any point not so stated may be deemed waived. No such statement shall be deemed insufficient if it fairly discloses the contentions which the appellant intends to urge before the Law Court."

derlying the granting of the motion to dismiss, whereby the presiding Justice ruled that title to the Northport property passed to Eleanor G. Wade, the widow of Marie A. Wade's son, John E. Wade.

■ We are faced, initially, with the question, whether the plaintiff-appellant has standing in his capacity of administrator d. b. n. c. t. a. of the estate of Marie A. Wade to bring this appeal and have a determination respecting the proper construction of the second clause of Marie A. Wade's will. We answer in the negative.

■ Section 1851 of Title 14 provides that "[i]n any civil case any party aggrieved by any judgment, ruling or order [of the Superior Court] may appeal therefrom to the law court within 30 days or such further time as may be granted by the court pursuant to a rule of court." Hence, an appeal cannot be presented by a party not aggrieved, any more than it could be by a stranger to the record. *Perkins v. Kavanaugh,* 135 Me. 344, 345, 196 A. 645 (1938). This requirement applies to any order, judgment or decree rendered pursuant to our Declaratory Judgments Act (14 M.R.S.A., §§ 5951–5963), under which the plaintiff-appellant purportedly brought his complaint in the instant case. See 14 M.R.S.A., § 5959.[4]

■ For the plaintiff-appellant to be a party aggrieved by the specific ruling of the presiding Justice of which he presently complains in this appeal, it must appear that the Court's ruling, order or judgment operates prejudicially and directly upon his property, or his pecuniary or personal rights. *Jamison v. Shepard,* Me., 270 A.2d 861 (1970).

■ The legal title to devised real estate vests in the devisees, when the will becomes operative, that is, after it has been proved and allowed by the court having jurisdiction for that purpose, i. e. the probate court or, if an appeal is properly perfected or allowed, the supreme court of probate. See *Cousens v. Advent Church,* 93

Me. 292, 45 A. 43 (1899); *Martin, Appellant,* 133 Me. 422, 179 A. 655 (1935). The title of the devisees, following the legal establishment of the will, relates back to the time of the death of the testate decedent. *Gray v. Hutchins,* 150 Me. 96, 101, 104 A.2d 423 (1954); *Wright v. Williamson,* 67 Me. 524 (1877); *Spring v. Parkman,* 12 Me. 127 (1835). In the instant case, title to the Northport property vested as of the time of death of Marie A. Wade on November 10, 1969 in either the specific devisee, Eleanor G. Wade, or the residuary devisees, Lucie M. Desmond, Gertrude Moisan and Helen Moisan, depending on the legal construction to be given to the second clause of Marie A. Wade's will. But under no circumstances did the title vest in the plaintiff-appellant in his capacity of administrator d. b. n. c. t. a. of the estate of Marie A. Wade. See *Brown and Appleton v. Strickland,* 32 Me. 174 (1850). An administrator, as such, is not interested in the real estate of the deceased in an intestate estate; it is the heir who has a vested interest therein. In a testate estate, an executor or administrator c. t. a., as such, also has no interest in the real estate of the decedent; it is the devisees that do. *Berry v. Whitaker,* 58 Me. 422, 424 (1870).

In *Webb v. Dow,* 120 Me. 519, 115 A. 279 (1921), an executor attempted to appeal from a Superior Court decree which had construed his testatrix' will in favor of one devisee over another. In determining whether the executor could properly prosecute an appeal, this Court reasoned that the appellant's rights and duties in the discharge of the duties of his office as executor in relation to the estate of his testatrix were not affected in any manner by the Superior Court decree. The Court viewed the executor as duty bound to perform his fiduciary responsibilities without regard to the possible rights on appeal of the aggrieved devisee. This Court accordingly held that the executor did not have standing and his appeal was dismissed.

---

4. 14 M.R.S.A., § 5959. Review

"All orders, judgments and decrees under this chapter may be reviewed as other orders, judgments and decrees."

▮ Whether the instant appeal be considered within the scope of 14 M.R.S.A., § 5956(3)[5] or § 6051(10),[6] the plaintiff-appellant must demonstrate that he was aggrieved by the Superior Court decree in order to prosecute an appeal from the judgment. The Uniform Declaratory Judgments Act does not dispense with the necessity that an appellant must be aggrieved by the ruling which he seeks to attack on appeal. *Killies v. Williams,* 208 Or. 238, 300 P.2d 408 (1956). The ruling underlying the Superior Court judgment clearly did not infringe upon the plaintiff-appellant's personal, pecuniary or proprietary interests. See *Stilphen, Appellant,* 100 Me. 146, 148, 60 A. 888 (1905). The plaintiff-appellant's sole interest in seeking a reversal of the decision below, as appears from this record, is "to vindicate his opinion as to the true legal meaning of the will," but such is insufficient to give him standing to appeal. See *Barnhart v. Madden,* 39 Ohio Op. 473, 84 Ohio App. 323, 85 N.E.2d 591, 592 (1948). Furthermore, as administrator d. b. n. c. t. a. of the estate, the plaintiff-appellant represents all the beneficiaries under the will and, in so doing, must adopt a neutral position respecting their conflicting claims. His duty of impartiality compels him to refrain from asserting appellate rights of one beneficiary against another. The beneficiaries must protect their own rights. *In re Estate of Morine,* Me., 363 A.2d 700 (1976).

*Jurisdiction of Superior Court to entertain the action below.*

▮ Lack of jurisdiction at any stage of a proceeding is always subject to our scrutiny, whether the parties have raised the jurisdictional issue or not. *Green v. State,* Me., 245 A.2d 147, 150 (1968); *Stinson v.*

*Taylor,* 137 Me. 332, 17 A.2d 760 (1941); *Cushman Co. v. Mackesy,* 135 Me. 490, 492, 200 A. 505 (1938).

This Court has held that, although the Declaratory Judgments Act expands the range of available relief, the statute "does not establish a *subject-matter jurisdiction* by which the Superior Court achieves power to act." *Walsh v. City of Brewer,* Me., 315 A.2d 200, 210 (1974). (Emphasis in original).

▮ In order to invoke the aid of the courts under the Declaratory Judgments Act, the appellant must demonstrate the existence of a justiciable controversy (see *Maine Turnpike Authority v. Brennan,* Me., 342 A.2d 719 (1975)), which we have defined as "a claim of right buttressed by a sufficiently substantial interest to warrant judicial protection." Id. at 723; *Berry v. Daigle,* Me., 322 A.2d 320, 326 (1974).

▮ Thus, the plaintiff's available relief under the Declaratory Judgments Act, 14 M.R.S.A., §§ 5951–5959, must be in the nature of the equitable relief provided by 14 M.R.S.A., § 6051(10); in either case, the plaintiff must show a claim of right based upon a substantial interest in the subject matter in controversy. The specific jurisdictional issue which the Superior Court should have addressed is, whether the plaintiff in his capacity of administrator d. b. n. c. t. a. of the estate of Marie A. Wade has a substantial interest in having a judicial determination of which of two sets of possible devisees is entitled to the Northport property under the second clause of his testatrix' will.

As such administrator, the plaintiff can have no possible reason for needing to know whether the second clause of the will devis-

---

5. 14 M.R.S.A., § 5956: "Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin or cestui que trust in the administration of a trust, or of the estate of a decedent, an infant, lunatic or insolvent may have a declaration of rights or legal relations in respect thereto:

\* \* \* \* \* \*
"3. Determine questions. To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

6. 14 M.R.S.A., § 6051: "The Superior Court shall have jurisdiction to grant appropriate equitable relief in the following cases:

\* \* \* \* \* \*
"10. Wills. To determine the construction of wills . . . ."

es the Northport property to Eleanor G. Wade or to the other three residuary beneficiaries. His sole duty is to administer upon the estate. An executor or administrator, absent special duties expressly or impliedly imposed upon him under the will, has no title to, or control over, realty of his decedent, at least before he obtains a license to sell from the Probate Court. See *Munsey v. Groves,* 151 Me. 200, 205, 117 A.2d 64 (1955). Even if the real estate were necessary to pay the debts of the decedent and the expenses of administration, the plaintiff, then, would have the right to petition the Probate Court for a license to sell the property for that purpose, and this would be, regardless of the construction to be given to the second clause of the testatrix' will. As characterized in *Burgess v. Shepherd,* 97 Me. 522, 55 A. 415 (1903), the administrator's interest in the question at issue is mere "speculative curiosity;" the construction sought will not affect his rights in person or property and will have no impact whatsoever upon, nor provide any guidance for, the performance of his duties under the will as such administrator.

■ Additionally, we note that parties interested in the subject matter of the controversy before the Superior Court were not joined as parties thereto, such as Lucie M. Desmond, one of the devisees of the real estate, and the heirs or persons claiming by, through or under Gertrude Moisan, deceased, another devisee, as required under Rule 19, M.R.Civ.P. As stated in *Hitch v. Hitch,* Me., 261 A.2d 858 (1970), before any court should be called upon, and should entertain a request, to give a construction to a will, the meaning of which is disputed, all persons whose rights and interests are involved should be made parties thereto, so that they or their representatives may see to the due protection of their respective rights and interests.

The construction given to the will of Marie A. Wade by the presiding Justice in the Superior Court on the complaint of the administrator d. b. n. c. t. a. was a nullity and should not stand. The Justice of the Superior Court was without jurisdiction to take cognizance of the action and all proceedings connected therewith, including the appeal to this Court, are a nullity.

The entry will be

Appeal dismissed. Judgment of the Superior Court set aside. Case remanded for dismissal of complaint for want of jurisdiction, because plaintiff had no standing to bring the action.

POMEROY, WERNICK, and ARCHIBALD, JJ., concur.

WEATHERBEE, J., sat at argument and participated in consultation, but died prior to preparation of opinion.

DELAHANTY, J., sat at argument and conference, but did not otherwise participate.