STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-22-15

RECEIVED & FILED

AUG 3 1 2022

ANDROSCOGGIN
SUPERIOR COURT

VENISE CLARK, individually
And as Personal Representative of
Estate of Tina Marie Thibodeau,

        Plaintiff

      v.

LUCIEN THIBODEAU,
In his capacity as Personal
Representative of Estate
Of Norman Thibodeau,

        Defendant
And

CHRISTINA THIBODEAU
And
FELLOWSHIP CHURCH
Parties in Interest

ORDER ON MOTION
TO DISMISS
AND
MOTION TO AMEND

Before the court is Defendant Lucien Thibodeau's motion to dismiss filed July 8, 2022,

seeking dismissal of Plaintiff's complaint filed June 24, 2022. Plaintiff's complaint is primarily a

declaratory judgment action regarding ownership of real estate and a vehicle held in the Estates

of Tina Marie Thibodeau (Tina) and Normand Thibodeau (Normand). Also pending is Plaintiff's

motion to amend complaint and substitute parties by which she seeks to have the devisees named

in the respective wills named as the proper parties in this action.

1

Tina and Normand were husband and wife who had prepared reciprocal wills that named each other as sole beneficiary of each's estate, and if not survived by their spouse, both wills made a specific bequest to Christina Thibodeau, with the residue bequeathed to the Fellowship Church. In late 2021, both Tina and Normand contracted COVID-19 and became very ill. Tina amended her will naming her sister Venise Clark (Venise) as the residuary beneficiary. Normand's will was not amended. Normand died on or about November 30, 2021 and Tina died on or about December 5, 2022. At the time of their deaths, they owned real estate in Lewiston, Maine and a vehicle. A factual controversy exists whether Tina survived Normand by more than 120 hours. The effect of that factual controversy is whether pursuant to Maine's simultaneous death statute all of Normand and Tina's assets, the real estate and vehicle, are to pass through only Tina's will, or if 50% of those assets are to pass through each will. (See 18-C, M.R.S.A. §2-702)

Both Normand and Tina's wills were filed for administration in the Androscoggin County Probate Court in January, 2022. On February 11, 2022 Letters of Authority were issued by the Probate Court for each estate. And on May 20, 2022 Petitions for Formal Appointment of Special Administrator were filed for both estates. On July 12, 2022 the Probate Court stayed further action on the petitions pending resolution of the matters in this court.

Defendant seeks dismissal of Plaintiff's complaint in this court pursuant to M.R.Civ. P. 12(b)(1), lack of subject matter jurisdiction, and also raises *forum non conveniens*. The probate court[1] has jurisdiction over all subject matter relating to: A. the estates of decedents, including the construction of wills and determination of heirs and successors of decedents. 18-C, M.R.S. §1-302(A). The court has exclusive jurisdiction over formal proceedings to determine how

---

[1] As used in the Probate Code, "court" means any one of the several courts of probate. 18-C, M.R.S. §1-201(8).

decedent's estates subject to the laws of this State are to be administered, expended and distributed. 18-C, M.R.S. §3-105. The court has concurrent jurisdiction of any other action or proceeding concerning a succession or to which an estate, through personal representative, may be a party, including actions to determine title alleged to belong to the estate, and of any action or proceeding in which property is distributed by a personal representative or its value is sought to be subjected to rights of creditors or successors of the decedent. Id.

As indicated, the factual issue is whether Tina survived Normand by 120 hours. If she did, then 100% of Normand and Tina's assets will pass by Tina's will only, and Christina and Venise will be the devisees. If she did not survive Normand by 120 hours, then their assets will be divided and 50% will pass by Normand's will and 50% will pass by Tina's will. In the latter scenario the devisees will be Christina, Venise, and the Fellowship Church. In essence, this factual issue will resolve the question of which estate has claim to and authority to distribute the assets. The Superior Court and the Probate Court have concurrent jurisdiction to this factual issue. But once the factual issue is resolved, the probate court is with exclusive jurisdiction to administer the wills and estate, and distribute the assets per the appropriate will.

As argued by Plaintiff, legal title to devised real estate vests in the devisees, when the will becomes operative, that is, after it has been proved and allowed by the court having jurisdiction. *Desmond v. Persina*, 381 A.2d 633, 637 (Me. 1978). This case will determine who, among the devisees Christina, Venise and the Fellowship Church named in the wills, will ultimately receive the bequests. As a devisee, Venise is entitled to bring a declaratory judgment action in a court with proper jurisdiction to resolve this controversy. See 14, M.R.S. §5951 et. seq. The Androscoggin County Superior Court has jurisdiction. Defendant also raises *forum non conveniens*. Although a case was already pending in the Probate Court, the court agrees with

3

Plaintiff that Androscoggin County Superior Court is as convenient as the Probate Court. "In recognition of the harshness of dismissal, a court will not dismiss for *forum non conveniens* unless the ends of justice strongly militate in favor of relegating the plaintiff to an alternative forum." *MacLeod v. MacLeod*, 383 A.2d 39, 41 (Me. 1978).

Accordingly, the order is:

1. Plaintiff's motion to amend complaint and substitute parties is granted[2]; and

2. Defendant's motion to dismiss is denied.

The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: August 31, 2022

Harold Stewart, II
Justice, Superior Court

---

[2] The court agrees with Defendant that the respective estates should remain in this litigation as parties in interest as ultimately one or both of the estates shall be distributing the assets.