FRANK E. BURGESS, Executor, In Equity,

*vs.*

ALVAH J. SHEPHERD, and others.

Penobscot. Opinion May 27, 1903.

*Will. Construction. Executor. Equity. R. S., c. 77, § 6.*

A bill in equity to obtain the construction of a will cannot be sustained, unless the construction may affect the rights of the complainant, in person or property, or unless it may affect the performance of his duties under the will, as executor, trustee or otherwise.

*Held;* that the complainant, who is executor, has no personal interest which may be affected by a construction of the will; nor can the performance of his duties as executor be in any way aided or affected by such a construction.

*Baldwin* v. *Bean,* 59 Maine, 481, examined.

On report. Bill in equity. Dismissed.

Bill of interpleader by the executor of the will of Joseph M. Heseltine, late of Dexter, deceased.

The case appears in the opinion.

*F. D. Dearth; F. J. Martin and H. M. Cook,* for plaintiff.

Counsel cited: *Baldwin* v. *Bean,* 59 Maine, 481 ; *Richardson* v. *Richardson,* 80 Maine, 585; *Baxter* v. *Baxter,* 62 Maine, 540.

The court does not consider it a condition precedent to determining the construction of a will disposing of real estate that the executor should be the owner of, or in any way interested in said real estate. But even if it was a condition precedent that the executor should have some interest in the real estate in order to enable him to maintain such a bill, it can hardly be said that in this case, or in any case, the executor is not interested, or may not be interested in the real estate. The devise is subject to the payment of the debts of the deceased, and until it appears that the debts have all been paid, the executor certainly is in a sense interested in the real estate. If the bill had been brought in the name of the widow and devisee as plaintiffs, and the other persons interested under this clause in the will as defendants, the defendant would have claimed, and rightly so, that the executor should have been made a party to the bill. If he is a necessary party defendant, it cannot be consistently contended that he cannot be a party plaintiff.

*D. D. Stewart; E. C. Ryder,* for defendants.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SAVAGE, J. Bill in equity under R. S., ch. 77, § 6, to obtain the construction of the will of Joseph M. Haseltine, deceased. The bill is brought by the executor of the will, and the widow and other devisees are made parties defendant. The clause in the will which it is sought to have construed is as follows :—

"To my beloved wife, Catherine F. Haseltine, I give, bequeath and devise all the rest and residue of my estate, both real, personal and mixed, and all rights and credits thereunto belonging, to have and to hold to her sole use and benefit during the full term of her

natural life, unless she shall marry again, in which event her rights in said property shall cease and determine the same as if she were dead. But until said death or remarriage she shall have the full power to control and dispose of said property or any part thereof, if needed for her support and benefit.

"To the children of my daughters Mary and Elizabeth before named, I give, bequeath and devise whatever may remain of said property at the decease or remarriage of my said wife, Catherine F. Haseltine, the same to be divided equally among them."

And the prayer of the bill is that the court will determine (1) "whether said Catherine F. Haseltine, the devisee named in said will can sell and convey said real estate in fee simple in her lifetime before remarriage," and (2) "whether the rights and interests of said Catherine F. Haseltine to the property bequeathed and devised in said paragraph of said will above quoted will terminate should she marry again."

We are met in limine by the objection that the court, under the statute named, has no jurisdiction to construe a will on a bill brought by an executor who has no interest as such in the estate, nor any duties to perform with relation to it, which may be affected by a construction of the will, and whose rights and duties will remain the same whatever may be its proper construction. In fine, these defendants, or some of them, say that this executor can have no possible reason for needing to know in his said capacity whether the widow has the right to convey the real estate in fee, or what the effect of her remarriage might be; that his sole duty is to administer under the plain provisions of the will; to convert the personal estate, so far as necessary to pay debts, into cash, and pay the debts and expenses, and turn over the remainder to the widow as life tenant; or if the personal estate is insufficient, to cause the real estate, or enough of it, to be sold to pay the debts; that his right to administer the personal estate, and to have enough of the real estate sold under license of Probate Court to pay the debts, is absolute, and does not in any way depend upon the construction of the will; that he has no other interest in or under the will; and that when he has performed his duties as his position requires, regardless of the construction of the will, his

office will be functus officio.  These defendants claim that as to this
executor, the questions raised are moot questions, and his interest
merely a speculative curiosity, and they earnestly ask that the widow
and other devisees or heirs may be left to settle their own controver-
sies, as they will, in their own way.

If the defendants' premises are sound, we think that their position
is impregnable.  The statute is silent as to who may bring such a
bill.  But it is a bill in equity, and on general principles, such a bill
cannot be maintained by one who has no interest in the subject
matter of the controversy.  So it would follow that a bill for the
construction of a will cannot be maintained unless the plaintiff has
such interest, personal or official, legal or equitable, in the estate,
or under the will, as would be served by a construction of the will.
If an executor has no such interest, why should he be permitted to
maintain a bill and interfere with the interests of others?  He has
no more rights in that respect than a neighbor would have.  He is
an intermeddler.  Non constat, that those who are interested in the
will have any controversy about it, or care to have it construed.

But the complainant says that *Baldwin* v. *Bean*, 59 Maine, 481,
was on all fours with the case at bar, and that inferentially at least
the right of an executor or an administrator with the will annexed
to maintain such a bill without allegation or proof of interest was
recognized by that case.  It will be noticed, however, that in *Bald-
win* v. *Bean* no question was raised as to the interest of the com-
plainant, and that the sole question decided, besides construing the
will, was, that in enacting the statute in question, "it was the inten-
tion of the legislature to secure to the *parties in interest* the right in
all cases of doubt, to have the opinion of the court as to the legal
effect of a will, even *in advance of any actual controversy.*"  That
was all.

The case of *Baldwin* v. *Bean* is, in a sense, imperfectly reported.
No statement of facts accompanies the opinion, and indeed there was
need of none, in view of the questions actually decided.  But inas-
much as the case has been cited as a precedent, we have examined
the papers on file in the court in Androscoggin County, and we find
that the bill was brought originally by Abby A. Richardson, who

was both executrix of the will and widow of deceased. Afterwards she intermarried with Baldwin, and her marriage, under the law as it was then, terminated her powers as executrix. Later Baldwin, the husband, represented as being the administrator with the will annexed of Richardson's estate, was summoned to appear and prosecute, and thereafter the case was docketed in his name as complainant. Clearly the widow had such an interest as would have supported the bill. Just how she was regarded with reference to it after her marriage does not appear. The question probably was not thought of. Under the circumstances, we do not think that *Baldwin* v. *Bean* can be regarded as authority for the plaintiff's position. We have been unable to find a case,— unless *Baldwin* v. *Bean*, in its remodelled condition, was one,— in which the complainant did not have an interest, present or remote, vested or contingent, either as heir, legatee or devisee, or as trustee, or as executor or administrator with the will annexed having duties to perform concerning which he sought the construction of the will and the advice of the court. And unless a complainant can bring himself within one of these classes, we should be unwilling to sustain a bill. It is a statutory proceeding, and should not be carried beyond the fair intent of the statute. Even if the objection seems to be a technical one, it is one which parties have a right to make, and, if well founded, must be sustained. Orderly procedure in litigation is the safeguard of the personal and property rights of the litigant.

But the court has given a liberal construction to the statute, as it indicated in *Baldwin* v. *Bean* it would do, and any interest that was real has served, and when the complainant has been properly in curia, and the court has had jurisdiction, it has usually answered all his pertinent questions.

We must now inquire whether this executor has such interest in the subject matter of his questions as entitles him to answers. It will not be necessary to elaborate fundamental and familiar principles which must control. One is, as already stated, that the executor, unless some duty is imposed upon him by the will (and there is none in this case) has no interest in the real estate, except the right to have so much of it as may be necessary appropriated to the payment of

legacies, debts and expenses; that this right is in no way contingent upon the construction of the will, and that when the right has been exercised, or where there is no occasion for its exercise, he has no concern in what becomes of the real estate. Another principle is that when, as we assume in this case it is, or will be, true, that he has paid all specific legacies, debts and expenses out of proceeds of the estate in his hands, and has turned over the remainder to the life tenant of the same, he has completed his duty. He will have administered the estate according to the will. He will be no longer responsible. The receipt of the life tenant will be his sufficient voucher in the settlement of his account. If the testator saw fit to authorize the life tenant to hold the life estate without giving security to the remaindermen, he had that right, although this court will under some circumstances require a life tenant to give such security. But the point is this, that whatever happens to the property after the executor has administered upon it according to the will, it is nothing to the executor. If the life tenant here should die, questions might arise between her estate or her assigns and the residuary legatees; or if she should marry, questions might arise between her or her assigns and the legatees. But we think the executor now is not entitled to seek an answer to those questions. And we are the less unwilling to come to this conclusion, for the reason that our decision will not bar the widow or the legatees from seeking a construction of this will by the court hereafter, if they may be thereto advised.

While such bills are bills of prevention and are in a literal sense of the word, bills of peace, the line must be drawn somewhere, and we must draw the line where we think the legislature intended to draw it. We think in this case the line has been crossed. A bill to construe a will cannot be sustained upon the complaint of any person, executor or otherwise, unless the construction may affect his rights in person or property, or unless it may affect the performance of his duties under the will as executor, trustee or otherwise.

> *Bill dismissed, with one bill of costs for the resisting defendants.*