GERTRUDE G. WEBB *vs.* CHARLES L. DOW et als.

Cumberland. Opinion November 23, 1921.

*An appeal by an executor in a bill in equity praying for a construction of a will cannot be sustained, unless the performance of his duties under the will as executor may be effected. An appeal under such circumstances where there is a guardian ad litem should be made in the name of the wards as principals, and not in the name of the guardian ad litem as principal, otherwise the appeal is a nullity.*

A bill in equity to construe a will cannot be sustained upon the complaint of any person, executor or otherwise, unless the construction may effect his rights in person or property, or unless it may effect the performance of his duties under the will as executor, trustee or otherwise.

It follows that an appeal by an executor in such procedure cannot be sustained.

An appeal by a guardian ad litem from a decree of the sitting Justice, when made in his own name as principal cannot be sustained, as he is but an agent of the wards, and in a proper appeal the wards should appear as principals and the appeal made in their name by the guardian ad litem.

On appeal. A bill in equity seeking the construction of the will of Sarah J. Penney, who died in New Gloucester, Maine, on February 7, 1921. The will was allowed in the Probate Court and Charles L. Dow was appointed executor and was also appointed guardian ad litem of four minor children of Gertrude G. Webb, the complainant in the bill in equity.

Upon a hearing of the cause the sitting Justice decreed that the bill be sustained, and that Gertrude G. Webb took a fee simple estate in all of the property of the estate, less $500 bequeathed to Herbert D. Penney under Clause I; and that the third clause of the will was null and void. From which decree Charles L. Dow as executor, and as guardian ad litem, took an appeal. Appeal dismissed. Decree affirmed.

Case is stated in the opinion.

*Clifford E. McGlauflin*, for complainant.

*Arthur Chapman*, for respondent.

SITTING: CORNISH, C. J., HANSON, DUNN, MORRILL, DEASY, JJ.

HANSON, J. Bill in equity asking construction of the will of Sarah J. Penney, who died in New Gloucester, Maine, on the 7th day of February, 1921.

The will was proved and allowed on the 15th day of March, 1921, in the Probate Court for Cumberland County, and Charles L. Dow, one of the defendants, was appointed executor of said will. Said Charles L. Dow was also appointed guardian ad litem of the four children of Gertrude Webb, the plaintiff herein.

All the parties to the bill joined in the prayer for interpretation of the will.

The clauses under consideration by the sitting Justice are as follows:

"Second:—I give to my beloved daughter, Gertrude G. Webb, wife of Berton Webb of New Gloucester, Maine, my homestead farm of one hundred seven acres more or less situated in the town of New Gloucester, Maine, on the Penney Road, so called. Also all my household goods during her lifetime, if she is left a widow or becomes separated in any way from her husband, Berton Webb, I hereby give

her full right to sell any or all of the goods and farm and use the proceeds as she sees fit. I also give and bequeath to my daughter, Gertrude G. Webb, all the rest, residue and remainder of my property real, personal and mixed wherever found and wherever situated.

Third:—If my son-in-law, Berton Webb, should outlive his wife, Gertrude G. Webb, he shall during his lifetime have the use of said farm and household goods during his lifetime and income of same while he shall live upon and operate said farm and only while occupied and operated by him. At his death or at such a time as he may have moved away from said farm all of said property shall be divided as follows equally between my daughter's children, Elsie Mae Webb, Ray Carleton Webb, Iva Florence Webb, and Merle Wilfred Webb, also any of my daughter's unborn children, if none of these my grandchildren are living the property shall then go to my daughter's nearest heirs."

The sitting Justice filed a final decree as follows:

"This cause came on to be heard this day and was argued by counsel; and thereupon, upon consideration thereof, it is ordered, adjudged and decreed, as follows, viz:—

That the plaintiff's bill be sustained with costs to be paid out of the estate, together with Twenty-five ($25.) Dollars each to Arthur Chapman and Clifford E. McGlauflin, counsel for Charles L. Dow and Gertrude G. Webb, on account of their fees in said cause; that the true construction of the second clause of the will mentioned is that Gertrude G. Webb takes a fee simple estate in all the real and personal property of the estate of Sarah J. Penney, less the Five Hundred Dollars disposed of by the first clause of said will; that the third clause of said will is null and void and of no effect."

From this decree Charles L. Dow in his capacity as executor, and as guardian ad litem, appeals to this court.

In his answer in each capacity he denies the allegations set forth in Paragraph 8 of the bill in which it is claimed that the true construction of the will is "that the plaintiff is entitled to the fee of all the property left by the said Sarah J. Penney, except the legacy left to her brother Herbert D. Penney and so much of said property as is necessary to pay outstanding bills."

We are unable to discover where appellant is in any manner interested or aggrieved by the decree or that he is a proper party to the bill. His rights and duties as executor are defined by statute, and these he can exercise, and must exercise in this instance, regard-

less of the construction of the will. The final decree in no way interferes with the performance of his full duty as executor. No duty is imposed upon him by the will except those that the statute prescribes, and when he has paid the legacy and debts and funeral charges, he will turn over all the property remaining, real and personal, to the plaintiff and his responsibility is ended. What the legal and equitable rights of the parties thereafter may be is no concern of his.

A bill to construe a will cannot be sustained upon the complaint of any person, executor or otherwise, unless the construction may affect his rights in person or property, or unless it may affect the performance of his duties under the will as executor, trustee or otherwise. *Burgess* v. *Shepard*, 97 Maine, 522; *Torrey* v. *Torrey*, 55 N. J. Eq., 410; Gardner on Wills, 317; *Greeley* v. *City of Nashua*, 62 N. H., 166.

It follows that an appeal by the executor herein cannot be sustained. Where an executor was a proper party, it has been held that "an executor, who brings suit to determine which of two contending legatees is entitled to a certain fund, has no interest sufficient to entitle him to appeal from a judgment construing the will in favor of one of the legatees." *Barth* v. *Richter*, 12 Colo., App., 365, 55 Pac., 610.

Appellant stands no better in his attempt to appeal from the decree of the sitting Justice as guardian ad litem. In the first instance there is error in the body of the appeal, inasmuch as he therein describes himself as executor, and in the second instance has signed the appeal in his own name, thus, "Charles L. Dow, Guardian," a proceeding wholly unauthorized by law. He has signed as a principal, when he is but an agent. In a proper appeal the wards should have appeared as principals and the appeal made in their name by the guardian ad litem. *Harlan* v. *Watson*, 39 Ind., 393; *Soule* v. *Winslow*, 64 Maine, 518; *Leavitt* v. *Bangor*, 41 Maine, 460.

It follows then that as guardian appellant has no standing in the instant case, and consequently any appeal by him is a nullity.

It is sufficient to say that the construction given to the will by the sitting Justice but restates the well settled law, and citation of authorities is unnecessary.

The entry will be,

*Appeal dismissed.*
*Decree affirmed.*