INHABITANTS OF THE TOWN OF LEBANON, THE BOARD OF SELECTMEN OF LEBANON AND THE TOWN TREASURER OF LEBANON

*vs.*

JAMES H. SHAPLEIGH AND WILLIAM T. SHAPLEIGH, TRUSTEES, AND ALL PERSONS WHO CLAIM OR MIGHT CLAIM BY, THROUGH OR UNDER THEM ; AND RICHARD W. SHAPLEIGH, DECEASED, AND ALL PERSONS WHO CLAIM OR MIGHT CLAIM BY, THROUGH OR UNDER HIM, AS HEIRS AT LAW OR OTHERWISE

York.    Opinion, December 31, 1958.

*Willard & Hanscom,*
*Simon Spill,* for plaintiff.

*Titcomb, Fenderson & Titcomb,*
*Frank F. Harding,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, JJ. SIDDALL, J., did not sit.

DUBORD, J. This is a petition for a declaratory judgment brought on the equity side. It seeks a determination relating to the interpretation of a gift given to the Town of Lebanon in 1894, by James H. Shapleigh and William T. Shapleigh, who describe themselves as trustees of Richard W. Shapleigh. Service on the defendants was made by publication. None of the defendants appeared, no guardian *ad litem* was appointed for minors or incompetent persons, and no decree *pro confesso* or otherwise was entered in the court below involving the defendants. No attorney appeared for the defendants. During the pendency of the proceeding, seventeen inhabitants of the Town of Lebanon were permitted to intervene. They filed an answer to the petition, in which they describe themselves as defendants.

The case is before us on report in attempted compliance with the provisions of Section 24, Chapter 107, R. S., 1954. The justice below signed the usual certificate to the effect that he was of the opinion that a question of law was involved of sufficient importance or doubt to justify the same and that the parties had agreed thereto.

It appears that the plaintiffs and the intervenors agreed to report the cause to the Law Court. However, there is nothing in the record to indicate that the defendants ever agreed to the report. The action of the intervenors in no way binds the defendants nor impairs their rights.

In *Fenn* v. *Fenn*, 130 Me. 520, the court in discharging the report said:

"This Law Court has jurisdiction to determine causes in equity certified on report only when the presiding Justice is of opinion, and so certifies, that a question of law is involved of sufficient importance or doubt to justify the same, and the parties agree thereto. R. S., Chap. 91, Sec. 56; (now Chap. 107, Sec. 24, R. S. 1954) *Baker v. Johnson,* 41 Me., 15; *Whittemore v. Russell,* 78 Me., 337. Defendants in default in an equity action under a decree *pro confesso* are still parties and have some rights. Unless all parties agree to a report of the cause in which they are joined, we think it is the duty of the sitting Justice to hear the evidence and make such rules, orders or decrees thereon as the law of the case requires. Under this procedure, any party aggrieved has the right of exception and appeal reserved to him and the rights of all other parties are left unimpaired."

See also, *Hand, Admr.* v. *Nickerson,* 148 Me. 465, 95 A. (2nd) 813.

The defendants never have agreed in compliance with the statute, and as was said in *Whittemore* v. *Russell, Admr., supra,* the Law Court takes no jurisdiction from the record presented, and has no power to hear and determine the same. The report must be discharged.