Laura Young **HITCH**, as Executrix of Last
Will and Testament of Hazael Ar-
nold Foster Linscott

v.

Laura Young **HITCH**, individually and Hon.
James Erwin, Attorney General.

Supreme Judicial Court of Maine.

Feb. 12, 1970.

William Fenton, Bar Harbor, for appel-
lant.

Wendell R. Davidson, Asst. Atty. Gen.,
Augusta, for appellees.

Before WILLIAMSON, C. J., and
WEBBER, MARDEN, DUFRESNE,
WEATHERBEE, and POMEROY, JJ.

DUFRESNE, Justice.

This is a complaint brought in the Supe-
rior Court by the plaintiff in her capacity
of executrix of the last will and testament
of Hazael Arnold Foster Linscott, late of
Bar Harbor, Maine, to secure a judicial
construction of her testatrix's will under
14 M.R.S.A., § 6051(10). The record
shows that the only persons joined as par-
ties defendants in the action were the
plaintiff in her individual capacity and the
Attorney General of the State of Maine.
The action is before us on report under
Rule 72(b), M.R.C.P., upon the complaint,
exhibits, and agreed statement of facts, for
us to render such decision as the rights of
the parties require. The agreed statement
of facts was subscribed by the respective
attorneys representing Laura Young Hitch
and the Attorney General.

Rule 72(b) provides as follows: "The
court may, upon request of all parties ap-
pearing, report any action to the Law
Court for determination where there is
agreement as to all material facts, if it is
of the opinion that any question of law is
involved of sufficient importance or doubt
to justify the same." All the parties ap-
pearing in the action have requested the

instant report and have agreed to all material facts. The Justice below has signed the usual certificate to the effect that he was of the opinion that a question of law was involved of sufficient importance or doubt to justify the same. Thus, on the face of the record, there appears literal compliance with the rule.

■ Initially, let us say that the plaintiff as executrix of the will of Hazael Arnold Foster Linscott had proper standing to initiate and maintain the action below wherein she sought construction of the will. An executor may be advised, when necessary to aid him in the performance of his duties as executor, and for his protection, but only to the extent as may be needed for the proper execution of his fiducial duties to conserve, administer and distribute the estate in accordance with the will. Tapley v. Douglass, 1915, 113 Me. 392, 94 A. 486; Burgess v. Shepherd, 1903, 97 Me. 522, 55 A. 415. See, also, Webb v. Dow, 1921, 120 Me. 519 at 522, 115 A. 279.

In the instant case, the plaintiff is uncertain, and justifiably so, respecting the proper legal construction to be given to the terms of a layman's will. Having doubts about the proper distribution of the estate in her possession, she raises the issue, whether the testamentary bequests made for her benefit or the provisions of the will as a whole are so worded as to effectively pass to her a Christmas club account, 2 United States of America savings bond of Series E class, a premium refund from the Maine Insurance Company and a checking account maintained by the decedent in her lifetime in their joint names, or whether such enumerated items are intestate personal property escheating and to be turned over to the State of Maine under 18 M.R.S.A. §§ 851 and 1001(8).

This ultimate issue of escheat framed by the parties to the present report in turn depends upon the actual existence of the fact that Hazael Arnold Foster Linscott died leaving no widower, heirs at law or next of kin. The non-related plaintiff and the Attorney General have agreed that such is a fact without any judicial proceeding to establish the same through proper public notice to all persons who claim or might claim by, through or under Hazael Arnold Foster Linscott as heirs at law or next of kin or otherwise. Judicial sanction to any such procedure might result in the loss of substantial rights by persons who, even though they be unknown to the parties, may have an interest in the intestate estate of a decedent. To cut off possible rights of property without representation and without notice of any kind would be to deprive one of his property without due process of law.

Conceding that the parties to the present report entered into the reference agreement believing without reservation that the decedent, Hazael Arnold Foster Linscott, died leaving no widower, heirs at law or next of kin, nevertheless, in actions for the construction of a will as in this case, we view the absence of proper notice and the failure to join as parties thereto all persons unknown who may have an interest in the intestate property of a decedent, as improper practice favorable to possible collusive judgments. Prior to the adoption of our new rules of civil procedure, these absent persons were necessary parties without whose agreement a report of such equitable actions was legally impossible under the then existing statute, R.S.1954, Chapter 107, Section 24. See, Inhabitants of the Town of Lebanon v. Shapleigh et al., 1958, 154 Me. 325, 147 A.2d 451; Fenn v. Fenn, 1931, 130 Me. 520, 155 A. 803. However, Rule 72, M.R.C.P., has changed the prior Maine practice and permits the report of any action to the Law Court upon the request of all parties appearing therein. See Field and McKusick, Maine Civil Practice, Commentary, 72.5(2), p. 541. We intimate no opinion as to the propriety of a report in an action to construe a will in the circumstances of this case, even after the proper joinder of unknown possible parties, in the absence of the appointment of a guardian ad litem under Rule 17(b), M.R.

C.P., and the joinder of said guardian in the request to report.

This Court takes notice, at this stage of the proceedings, of the failure to join in the action below such indispensable parties as all those persons unknown who may have an interest in the intestate property of the decedent as heirs at law or next of kin. They are persons subject to service of process by publication under Rule 4(g), M.R.C.P. As parties to the action, their interest may be protected by proper representation, since the court is empowered to appoint a guardian ad litem to represent them under Rule 17(b), M.R.C.P.

Our rules of civil procedure now provide as follows:

*Rule 19. Joinder of Persons Needed for Just Adjudication*

(a) Persons to be Joined if Feasible. *A person who is subject to service of process shall be joined as a party in the action if* (1) in his absence complete relief cannot be accorded among those already parties, or (2) *he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may* (i) *as a practical matter impair or impede his ability to protect that interest* or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. *If he has not been so joined, the court shall order that he be made a party.* If he should join as a plaintiff but refuses to do so, he may be made a defendant. (Emphasis supplied.)

 It has been the practice in Maine to join as indispensable parties to actions for judicial construction all persons, whether known or unknown, potentially interested in the subject matter or whom it is desired to conclude by the decree. Rule 19, M.R.C.P., is consistent with and declaratory of such practice and was not intended to dispense with the joinder of such

parties. Before the court should be called upon to give a construction to a will, the meaning of which is disputed, all persons whose rights and interests are involved, should be made parties thereto, so that they or their representatives may see to the due protection of their respective rights and interests.

Since there was a non-joinder of indispensable parties in the trial court and the present report is premature, the entry will be

Report discharged.

Remanded to the Superior Court for proper joinder of parties in accordance with this opinion. So ordered.