RYDER, Judge.
Appellants challenge the order of the trial court instructing appellee to distribute certain assets of the estate of Louis T. Constant.
The facts presented below are not complex or disputed. Louis T. Constant, the grandfather of appellants, Allen Lee Ga-doury and Richard Donat Gadoury, died in 1980 leaving a last will and testament. According to the petition for letters of administration, Louis T. Constant died in possession of a $10,000.00 certificate of deposit and a $10,000.00 money market savings certificate held at Flagship Bank and Florida Federal Savings, respectively. Appellants were among the various beneficiaries of said will. Appellee, Louise Caldwell, was named and appointed as the duly qualified and acting personal representative of the estate of Louis T. Constant.
Paragraph VI of the last will and testament provided:
I give, devise and bequeath my grandsons, ALLEN LEE GADOURY and RICHARD DONAT GADOURY, all those 'monies which I hold in my personal checkings and savings accounts and any stocks and bonds of which I may die possessed, to divide equally between them, share and share alike.
Appellee filed a petition for instructions to determine distribution of assets as appel-lee was:
[I]n doubt as to whether specific assets of the estate, to wit: one money market certificate in the amount of Ten Thousand Dollars ($10,000.00) and one certificate of deposit in the amount of Ten Thousand Dollars ($10,000.00), should be classified as personal checkings and savings accounts or as part of the residue of the estate for the purposes of distribution.
A hearing on the petition for instructions was held and in its order, the court stated that, “The said certificate of deposit and money market certificate do not constitute ‘personal checking or savings accounts,’ and shall pass as otherwise provided by said will. The personal representative is instructed to make distribution in conformance with this order.”
The sole question presented is whether a certificate of deposit and a money market savings certificate constitute what is commonly known as a personal savings account. We are of the opinion that they do.
Sitting as a court of law, we are unable and will not attempt to explain the diverse techniques employed by the banking and savings and loan community as they endeavor to obtain funds for deposit in their various institutions. Nevertheless, we cannot ignore the fact that presently the money merchant has transcended traditional savings systems and is now offering the public new alternatives for the deposit of one’s money into their institutions, to be paid at varying interest rates.
The banking and savings institutions, seemingly, are experiencing unique times. Competition for the public’s money has not been so intense in decades. They are willing (and often do when lawfully allowed) to offer the most lucrative and advantageous incentives as possible to secure those deposits.
Without hesitation, we believe that interest, payable in much greater percentages than that available to holders of a regular “passbook savings account,” is the single most compelling incentive used by these institutions to solicit deposits.
Two of the more commonly utilized vehicles by which banks and savings and loans encourage deposits, and conversely are able to pay a greater percentage of interest to the depositor, are certificates of deposit and money market certificates.
Initially, we define “savings” as preserving something from danger or loss. Webster’s New International Dictionary, at 22, *222 23 (2d Ed.1957). Adding the word “account” to “savings” creates, to a reasonable ordinary individual, a visualization of an account in a bank or savings and loan upon which a certain percentage of interest is paid and compounded. One type of “savings account” is, inarguably, a “passbook savings account.”
We are not of the opinion, however, that the only vehicle which may be utilized by a “... person, persons, partnership, association, fiduciary, corporation, political subdivision, public unit, or governmental unit ...” for “savings” is what is commonly referred to as a “passbook savings account.” §§ 665.0611, 665.104, Florida Statutes (1981).
It would be irrational to conclude that monies deposited in a bank or savings and loan, placed there for “saving” in an account, which for all practical purposes is merely a hybrid or type of “savings account,” is not a savings account because it is termed a “certificate of deposit” or “money market savings certificate.” To so hold would impede a rational progression of banking practice, causing undue confusion as to what these accounts actually are.
In addition, to hold that “personal savings accounts” may only include passbook savings accounts, would penalize those who wished to save their funds in any of the number of accounts which provide a greater interest payment than that of a regular passbook savings account.
The argument that because the typical “certificate” or “market” accounts require that the depositor pay a penalty for early withdrawal, and therefore precludes such an account from being a “savings account” is illogical. These accounts absolutely encourage the depositor to do what they were designed to do. Plainly and simply put, these accounts encourage “saving” money. A certificate of deposit or a money market savings certificate that encourages the saving of money is, in fact, a “personal savings account” as that term applies in the realm of banking. Furthermore, those monies are held by the institutions not merely as transient custodians of the funds, but for safe keeping, with a resultant creation of a debt- or/creditor relationship. Greater Miami Financial Corp. v. Dickinson, 214 So.2d 874 (Fla.1968). Therefore, although these accounts are not titled “passbook savings accounts,” they assume the same basic characteristics as a passbook savings account and should be recognized as a personal savings account.
The computer age has now enveloped us all. Modernization and renovation is apparent in every segment of our society, including the extremely complex world of banking and finance. Certificates of deposit and money market savings certificates must be recognized in the legal sphere as “personal savings accounts.” This court would be unable to rationally explain to Mr. Constant, if he were alive today, that just because he possessed a certificate of deposit and a money market savings certificate, that these accounts were not his personal savings accounts. We believe these two accounts to be personal savings accounts of Louis T. Constant, and as such, they should pass to appellants as provided for in the will.
Therefore, the judgment below is REVERSED and the cause REMANDED for proceedings consistent with this opinion.
GRIMES, A.C.J., and NELSON, WILLIAM J., Associate Judge, concur.