**ESTATE OF George E. ANDERSON.**

Supreme Judicial Court of Maine.

Argued Nov. 9, 1983.

Decided Dec. 9, 1983.

---

Grant & Linthicum, Carrie L. Linthicum (orally), Presque Isle, for plaintiff.

Solman, Page & Hunter, P.A., Robert Page (orally), Richard D. Solman, Caribou, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Petitioner B. Christine Ryan is the personal representative of the estate of her brother, the late George E. Anderson of Stockholm, Maine. She appeals solely in her representative capacity from an order of the Probate Court (Aroostook County) construing the terms of decedent's will. She sought instructions of the court with regard to her duties, principally in determining whether respondent Martin A. Anderson could qualify as prime beneficiary under the terms of the will. She argues on appeal that the Probate Court abused its discretion by failing to answer specifically the questions raised in her petition and further that the order is internally inconsistent and ambiguous. We find that the Probate Court did provide sufficient instructions to permit petitioner to discharge her duties as personal representative and that she lacks standing to challenge the claimed deficiencies in the order which do not relate to the performance of those duties. We dismiss the appeal.

In his last will and testament, the decedent bequeathed "all the rest, residue and remainder of [his] estate real, personal and mixed to [the respondent] Martin A. Anderson, his heirs and assigns forever, *provided, however, that he shall make his home on the premises and live and reside there.*" (Emphasis added). Should respondent not "so desire to live and reside there," the will directed that the estate be sold and the proceeds distributed in equal shares to nine named beneficiaries including both petitioner and respondent. After George Anderson's death in June of 1981, members of the family agreed to allow respondent a reasonable period of time in which to decide whether he wanted to move from his home in Massachusetts to decedent's residence in Stockholm, Maine. In the interim, petitioner agreed to reside in the house as a caretaker. A contest concerning the validity of the will and the choice of a personal representative delayed admission of the will to probate until July of 1982. Although respondent did not change his residence, during the intervening months he apparently attempted to secure employment in northern Maine. He indicated in a letter to his attorney on October 7, 1982 that "some positive answers" were expected "shortly" and that he would soon be engaging a mov-

ing company as the "final hurdle of the journey." In November of 1982 when respondent still had not moved to Stockholm, the personal representative filed a petition in Probate Court to construe the will. She requested the court's ruling whether respondent was disqualified as prime beneficiary because of his failure to move to Maine and whether she was authorized to sell the property and distribute the proceeds according to the alternate provisions of the will. In the event that it was still possible for respondent to qualify, she posed the following questions:

> Can Martin A. Anderson satisfy the conditions of the will by simply moving to Stockholm, or must he actually reside "on the premises"?
>
> How long must he reside "on the premises"? In other words, can he move to Stockholm and then immediately list the property for sale, liquidate it, and then return to Massachusetts? And if he does, can he retain the sale proceeds, or must he share them with the other persons named in Article First? May he move to Stockholm and then sell substantially all of the assets, retaining only the buildings and a small surrounding parcel of land, pocket the sales proceeds, and still be in compliance with the conditions in Article First?

After a testimonial hearing the Probate Court issued an order on February 15, 1983, construing the disputed provision of decedent's will. The court determined that respondent had "indicated a genuine desire and intent to move to 'the premises' and reside there," and that because of the logistical problems involved, he should be given until June 1, 1983 to accomplish the move. The order continued as follows:

> If by June 1, 1983, Martin A. Anderson, has made a *physical appearance* at the real estate owned by George E. Anderson in Stockholm, Maine *with the desire and intent to make same his home* and live and reside there, *and* he *is in fact living and residing there and making it his home on or before June 1, 1983,* then he shall thereby satisfy the condition estab-

lished by the first clause [of the will] . . . and shall qualify as the sole legatee thereunder. Should he fail to so qualify by June 1, 1983, then the disposition of the estate shall be governed by the second clause . . . [of the will].

(Emphasis added). The Probate Court found that the will did not imply a durational requirement for respondent's residence in Stockholm and concluded that respondent could satisfy the conditions imposed by the will merely by "moving to the subject premises with the intention of making it his home and living and residing there." Petitioner appeals from this order arguing that the Probate Court erred in failing to provide instructions as to the contingencies posed in her petition.

 In this probate action, as in all other civil actions, only a party aggrieved by the order may appeal therefrom to the Law Court. 18–A M.R.S.A. § 1–308 (1981); 14 M.R.S.A. § 1851 (1980). It is well established that a personal representative is not aggrieved by a court order construing a will unless the construction affects the performance of his duties under the will. *E.g., Hitch v. Hitch,* 261 A.2d 858, 859 (Me.1970); *Webb v. Dow,* 120 Me. 519, 522, 115 A. 279, 280 (1921). An inquiry by the personal representative which goes beyond definition of his own administrative duties constitutes mere "speculative curiosity" insufficient to confer standing. *Desmond v. Persina,* 381 A.2d 633, 639 (Me.1978), quoting from *Burgess v. Shepherd,* 97 Me. 522, 525, 55 A. 415, 416 (1903). Thus a personal representative has no standing to challenge the correctness of a court order construing a will if the order provides sufficient guidance to enable him to settle and distribute the estate.

 In the instant case, the order of the Probate Court defined petitioner's duties by clarifying the requirements for respondent to qualify as prime beneficiary. Specifically it provided that respondent would qualify to receive the entire estate if he was physically present at the premises in Stockholm on June 1, 1983 with the desire and intent

to remain there and to make it his home. If, on the other hand, respondent was not physically present *or* had no desire and intent to make it his home and reside there *or* was not actually living and residing there and making it his home as of June 1, 1983, then petitioner clearly has the authority under the court's order to sell the estate and distribute the proceeds among the nine named beneficiaries. Petitioner's question concerning contingencies which might arise after June 1, 1983 bears no relationship to her duties as personal representative. The question is hypothetical at best and is too remote and uncertain to be considered "justiciably ripe" for decision by the Probate Court. *Ziehl v. Maine National Bank*, 383 A.2d 1364, 1367–68 (Me.1978).

The order of the Probate Court defined petitioner's duties in an adequate manner and therefore she has no standing to bring this appeal in her representative capacity.

The entry must be:

Appeal dismissed.

All concurring.