ESTATE OF Adelbert CUSHMAN.

Supreme Judicial Court of Maine.

Argued Nov. 13, 1985.

Decided Dec. 19, 1985.

Robert B. Cumler (orally), R. James Davidson, Waldoboro, for plaintiff.

John J. Sanford (orally), Camden, for Sharon Hilt.

John L. Knight, Rockland, for Geneva Pierce.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, and SCOLNIK, JJ.

SCOLNIK, Justice.

■ Norman Gray, the personal representative and residuary beneficiary of his Uncle Adelbert Cushman's will, appeals from a judgment of the Knox County Probate Court finding Sharon Hilt, a friend of the decedent's and beneficiary under his will, entitled to a Heritage Bank savings account and certificate of deposit. Hilt had filed a complaint requesting that Gray, as personal representative of the estate,[1] be ordered to pay to her all funds on deposit in the name of the decedent at the Heritage Savings Bank in Rockland, including the proceeds represented by the certificate of deposit.[2] On appeal, Gray challenges the

---

1. Hilt contends that Norman Gray, appealing only in his representative capacity, has no standing to challenge an order of the Probate Court that provides sufficient guidance to enable him to settle and distribute the estate. Were Gray appealing solely as personal representative he would lack standing. *See Estate of Anderson*, 468 A.2d 612 (Me.1983). However, we find that unlike the personal representative in *Estate of Anderson*, Gray has appealed also as residuary beneficiary, to whom the certificate of deposit would pass if it were not included in the specific bequest to Sharon Hilt. As such, he is clearly an aggrieved party with standing to ap-

peal. *See Cyr v. Michaud*, 454 A.2d 1376, 1384 (Me.1983); 18-A M.R.S.A. § 1-308 (1981).

2. The matter was submitted to the Probate Court on an agreed statement of facts. The parties agreed therein that at the time of the testator's death in January, 1984, the certificate of deposit had a value of $6,877.33 less $1,640.49 outstanding on an October, 1978, loan for which the certificate of deposit had been pledged as security. The savings account had a balance of $559.47.

Probate Court judge's finding that the bequest to Hilt of "the funds in my bank account at Heritage Savings Bank," included the certificate of deposit. Finding no error, we affirm.

I.

■ Because the evidence before the Probate Court consisted only of an agreed statement of facts and documentary exhibits, Gray urges us to review the evidence directly without deference to the judge's finding.[3] We decline to conduct an independent evaluation of the evidence. The fact that the matter was submitted on an agreed statement of facts does not entitle a party to a trial *de novo* on appellate review. *See Estate of Blouin,* 490 A.2d 1212, 1215 (Me.1985). The findings of the Probate Court will be upheld unless they are clearly erroneous. *Id.; Estate of Mitchell,* 443 A.2d 961, 963 (Me.1982).

II.

■ We now turn to the question of the testator's intent with respect to his bequest to Sharon Hilt. The cardinal rule of will construction is to give effect to the intent of the testator, discerned within the four corners of the instrument, bearing in mind that such intention must be related to the time when that instrument was executed. *See In Re Estate of Thompson,* 414 A.2d 881, 887 (Me.1980); *Maine National Bank v. Petrlik,* 283 A.2d 660, 664 (Me.1971). In the event of doubt or ambiguity, the court may consider circumstances outside the will for the purpose of ascertaining the testator's probable intention so long as the circumstances were known to him and may be deemed to have been in his mind at the time the will was executed. *Id.; see also Ziehl v. Maine National Bank,* 383 A.2d 1364, 1369 (Me.1978). Gray contends that since the language of the will here is unambiguous, extrinsic evidence as to the testator's intent is inadmissible. We disagree

because we find the language of the bequest contains a latent ambiguity.

■ Although this will does not contain internally inconsistent language that creates a patent ambiguity, an ambiguity is nevertheless generated by the failure of the words to express plainly the testator's intent. *See Ziehl v. Maine National Bank,* 383 A.2d at 1369. We are unable to determine the testator's intent based simply on his use of the words "the funds in my bank account," in circumstances where he had both a traditional savings account and a certificate of deposit that was established with funds taken from that savings account. As in *Ziehl,* the testator here used words in describing his bequest to Sharon Hilt that "are associated with more than one category of external objects." *Id.* As the Probate Court judge recognized, the meaning of the phrase "bank account" has considerably broadened in recent years. *See Gadoury v. Caldwell,* 425 So.2d 220 (Fla.Dist.Ct.App.1983); *see also* Annot., 31 A.L.R.4th 688 (1984). The phrase "the funds in my bank account" is as consistent with a bequest of all funds on deposit as with a gift of the singular savings account. Therefore, so that it may be assisted in resolving such meaning doubt or ambiguity, it is appropriate for the court to resort to circumstances extraneous to the will. *Ziehl v. Maine National Bank,* 383 A.2d at 1369.

■ The Probate Court judge found that the testator intended to include the certificate of deposit in his use of the term "bank account." The circumstances presented in the record support such a finding. Eight days before executing his will, Cushman established the certificate of deposit with funds obtained from his savings account at the same bank. *Cf. In Re Estate of O'Connell,* 29 Cal.App.3d 526, 105 Cal. Rptr. 590 (1972) (decedent's conversion of a major portion of her savings to a certificate of deposit just before writing her will sup-

---

**3.** Gray's reliance on *In Re Estate of Thompson,* 414 A.2d 881 (Me.1980) is misplaced. We have more recently recognized that an independent evaluation of evidence is unwarranted where a matter is submitted on a written record. *Estate of Blouin,* 490 A.2d 1212 (Me.1985).

ported inclusion of the certificate of deposit in a bequest of "all cash remaining in my savings and checking accounts"). The record reflects that although the testator frequently shared meals with his nephew and family and spent many holidays with them, he had known Sharon Hilt for several years prior to his death and often visited her home for Sunday and holiday dinners. We have recognized that not only family ties but also close personal relationships should be examined in seeking the testator's intent. *Iozapavichus v. Fournier*, 308 A.2d 573 (Me.1973).

■ We find no clear error in the Probate Court's finding that the bequest to Sharon Hilt of "the funds in my bank account" included the proceeds of the certificate of deposit in the decedent's name at the same bank.

The entry is:

Judgment affirmed.

McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN, JJ. concurring.

WATHEN, Justice, dissenting.

I must respectfully dissent. I find it significant that the testator purchased the certificate of deposit, and diminished the funds in his bank account before he executed his will. Although I agree that the meaning of the phrase "bank account" has undergone a change, the opinion of the Court ignores the fact that the will refers to a single account, at a time when the testator had a savings account and a certificate of deposit. Even if the phrase "bank account" is broad enough to include a certificate of deposit, the will should not be interpreted to include both accounts when the bequest refers to a single account.

I would vacate the judgment of the Knox County Probate Court and remand for the entry of an order requiring the personal representative to pay to Sharon Hilt the funds in the savings account.