**ESTATE OF George F. WILSON.**

Supreme Judicial Court of Maine.

Argued May 4, 1988.

Decided June 17, 1988.

Michael T. Healy (orally), Gregory L. Foster, Verrill & Dana, Augusta, for plaintiff.

Walter T. Ollen (orally), Farris & Susi, Gardiner, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

William and John Haefele and Carol Haefele Malmsten, the children by birth of Ann Wilson Haefele Roth, appeal a decision by the Kennebec County Probate Court in favor of Dawn and Catherine Roth and Rosalyn Roth Jean, the adopted children of Ann Wilson Haefele Roth. The Probate Court determined that the adopted children of Mrs. Roth are included in a bequest to "my grandchildren" by the late George Wilson, Mrs. Roth's father by adoption. Because competent evidence supports the court's interpretation of George Wilson's will, we affirm the judgment.

This action is a civil proceeding seeking the interpretation of a will pursuant to 18–A M.R.S.A. § 7–201 (1981).[1] The parties submitted the case to the court on George Wilson's will and on a stipulation of the following facts. In 1928 Mr. Wilson

1. The petition was filed by the trustee of the trust created by Mr. Wilson's will. All six of Ann Roth's children then joined in the action, and at the court's request the parties stipulated that the three adopted children be named as plaintiffs in the action, assuming the trustee's earlier pleadings. On the issue of their standing, see n. 2.

and his wife adopted their only child, Ann. She later married, becoming Ann Haefele, and at the time her father executed his will in 1959 she had three children by birth. After a divorce, Ann remarried in 1966, becoming Ann Haefele Roth, and in 1974 adopted her husband's three children from a previous marriage. Mr. Wilson died in 1967, and since that time his wife has died.

█ In his will George Wilson created a testamentary trust granting a life interest in the trust's income to his wife and, upon her death, to his "daughter" Ann. Mr. Wilson's will further provided that upon his daughter's death the trust's corpus and income would go to "my grandchildren who shall be living at the death of my daughter ANN WILSON HAEFELE."[2] The parties sought the Probate Court's interpretation whether the term "grandchildren" in the will includes Ann Haefele Roth's adopted children.

Faced with whether Mr. Wilson intended that a bequest to his "grandchildren" should go to his daughter's adopted as well as birth children, we again recall:

> The cardinal rule of will construction is to give effect to the intent of the testator, discerned within the four corners of the instrument, bearing in mind that such intention must be related to the time when that instrument was executed. In the event of doubt or ambiguity, the court may consider circumstances outside the will for the purpose of ascertaining the testator's probable intention so long as the circumstances were known to him and may be deemed to have been in his mind at the time the will was executed.

*Estate of Cushman,* 501 A.2d 811, 813 (Me.1985) (citations omitted). Determining the testator's intent is a question of fact, and so we will uphold the Probate Court's findings unless they are clearly erroneous. *See id.; Estate of Blouin,* 490 A.2d 1212, 1215 (Me.1985). We apply that standard of appellate review even though the Probate

Court made its findings exclusively upon an agreed statement of facts. *Id.*

█ Mr. Wilson's use of the term "grandchildren" in his will when his daughter now has both adopted and birth children presented an ambiguity that necessitated the Probate Court's resort to circumstances outside the will to determine the testator's intent in using that term. *See Ziehl v. Maine Nat'l Bank,* 383 A.2d 1364, 1369–70 & n. 3 (Me.1978). Because of that ambiguity the judge correctly relied on, as the most important indication of Mr. Wilson's intent, the extrinsic evidence that he himself had adopted his only child, Ann Haefele Roth, and yet continually referred to her in his will as his "daughter" and not as his "adopted daughter." Mr. Wilson was well aware of adoption as a legitimate and commonly used means of obtaining children and attached no significance to the status of adoption for the bequest he made to his daughter through his will. Mr. Wilson's indifference in his will to his daughter's adopted status implies an equal indifference to whether the grandchildren who by the unqualified language of his will would benefit from his bequest had been adopted by his daughter.

Also lending support to the Probate Court's determination is the provision in Mr. Wilson's will that his grandchildren would include those born after his death. By that provision we know that Mr. Wilson did not intend, simply because he knew them, to limit his beneficence to those living children of his daughter at the time he executed his will.

Finally, in Article Seventh of his will Mr. Wilson provided that if his last grandchild should die while still an income beneficiary of the testamentary trust, then that grandchild's share must go

> to the person or persons who would be *entitled to inherit the same in accordance with the laws of the State of Maine then in force,* as if I had died immediately after the death of such grandchild, intestate, and a resident of the State of

2. Ann Haefele Roth is still living, and we note as an initial matter that because a decision in favor of her adopted children would leave them with a contingent remainder estate in their

grandfather's testamentary trust, they have sufficient standing to bring this petition. *See Ziehl v. Maine Nat'l Bank,* 383 A.2d 1364, 1367–68 (Me.1978).

Maine, and owning the said property and no other property.

(Emphasis added) By using such language Mr. Wilson expressed his willingness to allow the corpus of the trust to pass in accordance with Maine's intestacy law, regardless whether that law would allow inheritance by adopted children.[3] That fact reinforces the Probate Court's conclusion that whether Mr. Wilson's daughter had children by birth or by adoption was irrelevant to the scope of his bequest to his grandchildren.

On the strength of these considerations we see no clear error in the Probate Court's determination that Mr. Wilson did not intend to restrict the bequest to his grandchildren to only the children by birth of his daughter Ann.

The entry is:

Judgment affirmed.

---

3. Maine's Probate Code does not distinguish between adopted and birth children for purpose of intestate succession. 18–A M.R.S.A. § 2–109(1) (1981).